# EXHIBIT B

**1101 WABASH DEVELOPMENT MEZZ, LLC, WABASH 11ᵀᴴ MEZZ LLC, PACIFIC TAI MEZZ LLC, BY HOTEL SPE-3 LLC, 1101 WABASH DEVELOPMENT SPE LLC, WABASH 11TH LLC, 1101 WABASH DEVELOPMENT LLC, PACIFIC TAI, LLC, SB YEN'S MANAGEMENT GROUP, INC,**

**RESOLUTIONS OF THE MEMBER AND INDEPENDENT MANAGERS/SPECIAL MEMBERS**

March 6, 2026

WHEREAS, the Independent Managers/Special Members ("Independent Director(s)") and the Member ("Member", collectively with the Independent Directors, the "Board") of 1101 Wabash Development Mezz, LLC, a Delaware Limited Liability Company, Wabash 11ᵗʰ Mezz LLC, a Delaware Limited Liability Company, Pacific Tai Mezz LLC, a Delaware Limited Liability Company, By Hotel SPE-3 LLC, a Delaware Limited Liability Company, 1101 Wabash Development SPE LLC, a Delaware Limited Liability Company, Wabash 11ᵗʰ LLC, an Illinois Limited Liability Company, 1101 Wabash Development LLC, an Illinois limited liability company, Pacific Tai, LLC, an Illinois limited liability company, and SB Yen's Management Group, Inc, an Illinois corporation, (each a "Company" or "Filing Company" and collectively, the "Companies" or "Filing Companies"), has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available, and the impact of the foregoing on the Companies' businesses;

WHEREAS, the Board has had the opportunity to consult with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Board has considered presentations by management and the financial and legal advisors of the Companies regarding a filing under Chapter 11 of the United States Bankruptcy Code;

WHEREAS, the Companies appointed the Independent Directors and revised the operating agreements of the Companies to empower, to the extent the Independent Directors deem advisable, consider, explore, review, analyze, and evaluate one or more strategies and alternatives regarding the management of the Companies' liabilities and liquidity,

171917460.2  1

(b) review, evaluate, structure and, if deemed sufficiently attractive, negotiate the terms and provisions, and determine the advisability, of one or more of such alternatives and (c) make a recommendation to the full Board to approve or disapprove such an alternative;

WHEREAS, the Board has reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the advantages and disadvantages of each Filing Company and has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Companies, the Companies' legal, financial and other advisors, and the legal advisors of the Board as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Independent Directors have reviewed with the Members, senior management, the financial advisors of the Companies, and the legal advisors of the Board and the Companies, the resolutions set forth below;

WHEREAS, the Independent Directors have (a) determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to and in the best interests of each Filing Company (as defined below) and its stakeholders, and therefore has (b) recommended to the Board that it adopt the resolutions set forth below and authorize and approve the transactions, agreements and actions contemplated hereby; and

WHEREAS, the Board, with the recommendation, full unanimous endorsement, and vote of the Independent Directors, believes that taking the actions set forth below is in the best interests of each Filing Company and its stakeholders and, therefore, desires to approve the following resolutions:

I.   Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after due consultation with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies, and after consideration of the recommendation set forth by the Independent Directors, that it is desirable and in the best interests of the Companies and each Filing Company's stakeholders that each Filing Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that each manager, member, officer or director of each Filing Company, as well as, in each case, Sui-Me Yen and Cassie Yen (each, an "Authorized

171917460.2  2

Person"), is authorized, empowered and directed to execute and file in the name and on behalf of each Filing Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, ( individually and collectively "Authorized Person(s)") and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with each Filing Company's Chapter 11 Case, including (a) negotiating, executing, delivering and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (b) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of each applicable Filing Company and (c) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Filing Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "Chapter 11 Cases"); and

RESOLVED FURTHER, that, consistent with the operating agreements of the Companies, but for the avoidance of doubt, notwithstanding Section 18-304 of the Delaware Limited Liability Company Act (the "Delaware LLC Act"), or any other applicable law, as applicable, (a) (i) the bankruptcy (as defined in Sections 18-101(1) and 18-304 of the Delaware LLC Act, ("bankruptcy") of any member of any Company that is a limited liability company shall not cause such member to cease to be a member of such Company, (ii) upon the bankruptcy of any such member, such member shall continue to be a member of such Company, (iii) for the avoidance of doubt, the Board hereby consents to and agrees that no event set forth in Section 18-304 of the Delaware LLC Act with respect to a member of such Company shall cause such member to cease to be a member of such Company, and (iv) each such Company shall be continued without dissolution following the bankruptcy of any such member and (b) to the extent required under applicable law to effect the foregoing clause (a), the limited liability company agreement or operating agreement, as applicable, of each such Company of which the Company is the sole member is hereby amended to provide that the bankruptcy of the Company shall not cause the Company to cease to be a member

171917460.2 3

of such Company and, in any such event, such Company shall continue without dissolution (and this consent shall be governed by the laws of the State of Delaware (with respect to any Company (that is a Delaware limited liability company), to the extent such amendment is required under applicable law).

II. Retention of Advisors

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain the law firm of Lewis, Brisbois, Bisgaard, and Smith, LLP, 500 Delaware Ave Suite 700, Wilmington, DE 19801 as counsel for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain Getzler Henrich & Associates LLC, a Hilco Global Company, 295 Madison Avenue, 20th Floor, New York, NY 10017 as financial advisors for such Filing Company in each Chapter 11 Case, subject to Bankruptcy Court approval; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company to retain a claims and noticing agent pursuant to the requirements of the United States Bankruptcy Court for the District of Delaware.

III. Cash Collateral

RESOLVED, that the Board has determined, after due consultation with the management of the Companies, the financial advisors of the Companies and the legal advisors of the Board and the Companies, that it is desirable and in the best interests of each Filing Company and its stakeholders to obtain the benefits of debtor in possession financing, if necessary, and from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Filing Companies' prepetition secured lenders under certain credit facilities by and among such Filing Companies, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Parties");

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to seek approval of debtor in possession in financing, if available, and the use of cash collateral pursuant to a debtor in possession, if applicable, and cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Filing Company, any Authorized Person be, and hereby is, authorized,

171917460.2 4

empowered and directed to negotiate, execute (under the common seal of such Filing Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of each Filing Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, the grant of replacement liens and any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require such Filing Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of such Filing Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED FURTHER, that each Filing Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of each Filing Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

IV. General Authorization and Ratification

RESOLVED, that each Authorized Person be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of each Filing Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Filing Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person, by the Board and by the applicable Filing Companies and (c) pay fees

171917460.2 5

and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

IN WITNESS WHEREOF, the undersigned, being the Independent Managers of the respective Companies have executed this written consent as of the 6th day of March, 2026.


_____
C. Anthony Shippam
Independent Manager/Special Member

_____
Elizabeth Beachell
Independent Manager/Special Member

_____
Gregory S. Harrison
Independent Manager/Special Member

_____
Kelly Gates-Markwardt
Independent Manager/Special Member


_____
Su-Mei Yen
Manager Member

_____
Cassie Yen
Manager Member

and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED FURTHER, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Filing Companies, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of each Filing Company in all respects and for all purposes.

IN WITNESS WHEREOF, the undersigned, being the Independent Managers of the respective Companies have executed this written consent as of the 6th day of March, 2026.

_____
C. Anthony Shippam
Independent Manager/Special Member

_____
Elizabeth Beachell
Independent Manager/Special Member

_____
Gregory S. Harrison
Independent Manager/Special Member

_____
Kelly Gates-Markwardt
Independent Manager/Special Member

DocuSigned by:

*Su-Mei Yen*
9A0304A0B207404...
Su-Mei Yen
Manager Member

DocuSigned by:

*Cassie Yen*
33ED4D7CFEEC430...
Cassie Yen
Manager Member