## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>US MAGNESIUM LLC,[1]<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11696 (BLS)<br><br>**Hearing Date: October 6, 2025 at 11:00 am (ET)**<br>**Objection Deadline: September 29, 2025 at 4:00 pm (ET)** |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTOR'S RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 327(b);
AND (II) GRANTING RELATED RELIEF**

US Magnesium LLC ( the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (the "Motion"), pursuant to sections 105(a), 327, 328, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 201401 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) approving the OCP Procedures (as defined below); (ii) authorizing the retention and payment of certain professionals employed by the Debtor in the ordinary course of business as set forth herein and in accordance with the OCP Procedures, and (iii) granting related relief. In support of the Motion, Debtor state as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of

---

[1] The last four digits of the Debtor's federal tax identification number are 5446. The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116.

February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.       Venue of this Chapter 11 Cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief sought herein are (i) Bankruptcy Code sections 105(a), 327, 328, and 330, (ii) Federal Rules 2014 and 2016, and (iii) Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.       On September 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor continue to operate its business and manage its property as debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. To date, no official committees have been appointed in this Chapter 11 Case and no request has been made for the appointment of a trustee or an examiner.

5.       Information regarding the Debtor and the events leading up to the Petition date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Ron Thayer in Support of the Debtor's Chapter 11 Petition and Related Requests for Relief* [D.I. 4], which is incorporated herein by reference.

## THE ORDINARY COURSE PROFESSIONALS

6.       The Debtor employs various attorneys, accountants, auditors, tax professionals, and other professionals in the ordinary course of its business (such professionals, collectively, the "OCPs"). The OCPs provide services for the Debtor in a variety of matters, including specialized

legal services, accounting services, and auditing and tax services. A nonexclusive list of the Debtor's current OCPs (the "OCP List") is attached hereto as **Exhibit B**.[2]

7.      The continued employment and compensation of the OCPs is in the best interests of the Debtor's estate, its creditors, and other parties in interest. The OCPs have significant knowledge, expertise, and familiarity with the Debtor and its operations. Although the Debtor anticipates that the OCPs will wish to continue to represent the Debtor during this Chapter 11 Cases, many would not be in a position to do so if the Debtor cannot pay them on a regular basis. And, without such knowledge, expertise, and familiarity that the OCPs have, the Debtor undoubtedly would incur additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the Debtor's estate and its creditors are best served by avoiding any disruption in the professional services that are required for the ongoing operations of the Debtor's business through the pendency of this Chapter 11 Cases. Moreover, in light of the number of OCPs, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtor submits that it would be impractical, inefficient, and costly for the Debtor and its legal advisors to prepare and submit individual applications and proposed retention orders for each OCP.

## **RELIEF REQUESTED**

8.      The Debtor requests the entry of an order, substantially similar in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) approving the Proposed OCP Procedures (as defined and set forth below); (b) authorizing Debtor to (i) employ and retain professionals that have or will represent the Debtor in the ordinary course of business, including but not limited to

---

[2] The Debtor reserve the right to retain additional OCPs from time to time during this chapter 11 cases as the need arises, by filing a list or lists of additional professionals and complying with the notice requirements set forth in the OCP Procedures (as defined below).

OCPs listed on **Exhibit B** to this Motion, without the need for each of the OCPs to submit a separate retention application seeking separate orders approving the retention of each professional and (ii) pay each of the OCPs in accordance with the OCP Procedures (defined below); and (c) granting related relief.

**PROPOSED PROCEDURES FOR ORDINARY COURSE PROFESSIONALS**

9.      The Debtor proposes that the retention and compensation of each of the OCPs shall be subject to the following conditions (collectively, the "OCP Procedures"):

a.    **OCP Declaration**. Within thirty (30) days of the later of: (i) entry of the Proposed Order attached to this Motion as **Exhibit A**, or (ii) the date on which the OCP commences postpetition services for the Debtor, each OCP shall file with the Court a declaration of disinterestedness substantially in the form attached as **Exhibit 1** to the Proposed Order (the "OCP Declaration") certifying that the professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which the professional is to be employed. The OCP Declaration shall be served upon the following: (i) proposed counsel for the Debtor, (a) Gellert, Seitz, Busenkell & Brown LLC, (Attn: Michael Busenkell, mbusenkell@gsbblaw.com), 1201 N. Orange Street, Suite 300, Wilmington, DE 19801; (ii) the Office of the United States Trustee for the District of Delaware (Attn: Jane M. Leamy, Jane.Leamy@usdoj.gov), U.S. Dept. of Justice, 844 N. King St., Rm 2207, Wilmington, DE 19801; (iii) counsel for any official committee appointed in this Chapter 11 Cases should one be appointed; and (iv) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

b.    **Objections.** The Notice Parties shall have fourteen (14) days from the date of filing of each such OCP Declaration to file an objection (the "Objection Deadline"), if any, to the retention. Thereafter, the objecting Notice Party, the Debtor and the affected OCP may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection, the matter shall be brough before the Court at the next omnibus hearing. Nothing herein prevents a Notice Party from informally raising any objection to any retention before filing an objection in an effort to informally resolve any issues. If after fourteen (14) days, no objection is filed, the retention of the professional may be paid in accordance with paragraph 6.d., below. The Debtor shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.    **Retention of OCPs**. If no objection is received by the Objection Deadline, or if all outstanding objections have been withdrawn, resolved, or overruled, with respect to any particular OCP, the Debtor shall be authorized to: (i) retain such OCP as of

4

the date such OCP commenced providing services to the Debtor; and (ii) compensate such OCP as set forth below

d. **Payment of OCPs**. After the retention of a professional has been approved in accordance with Paragraph 9.c., above, the Debtor shall be permitted to pay the professional (without a prior application to the Court) one hundred percent (100%) of the fees and disbursements incurred, pursuant to the OCP Procedures herein, upon submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date provided that fees paid to OCPs, excluding costs and disbursements, may not exceed $25,000 per month on average over any three-month period on a rolling basis, per OCP, while this Chapter 11 Cases are pending (the "OCP Fee Cap"). The OCP Fee Cap may be increased by mutual agreement between the Debtor and the U.S. Trustee, provided that the Debtor shall file a notice with the Court and submit such notice to the Notice Parties of any such agreed increase.

e. **Fees in Excess of OCP Fee Cap**. To the extent that fees payable to any OCP exceed the OCP Fee Cap (the "Excess Fees"), the applicable OCP shall (i) file with this Court a Notice of Fees in Excess of the OCP Fee Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the Notice Parties. Interested parties shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with this Court. If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent (100%) of its fees and one hundred percent (100%) of its expenses without the need to file a fee application.

f. **Quarterly OCP Statement.** Beginning on the quarter ending November 30, 2025, and for each quarter thereafter during which this Chapter 11 Case is pending, the Debtor shall, within thirty (30) days following quarter end file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP: (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP

g. **Supplementation of OCP List.** The Debtor reserves the right to supplement the list of OCPs from time-to-time as necessary. The Debtor has diligently attempted to identify all of its current OCPs. Nevertheless, some OCPs may have been omitted inadvertently. Further, the nature of the Debtor's business requires the retention of additional OCPs from time-to-time. In either event, the Debtor may retain additional OCPs from time to time during this Chapter 11 Cases by: (i) filing with the Court and serving on the Notice Parties amended version of the OCP List that includes each additional OCP and reflects the nature of the services to be provided; and (ii) having such OCPs comply with the OCP Procedures.

10. To the extent that any preexisting agreement between the Debtor and an OCP provides for the indemnification by the Debtor of such OCP in connection with the services that are the subject of this Motion (each such agreement, an "OCP Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of this Chapter 11 Cases:

a. The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtor alleges the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

c. Notwithstanding anything to the contrary, nothing in the Proposed Order shall permit the Debtor to satisfy any indemnity obligations arising prior to the Petition Date without a further order of this Court.

d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this Chapter 11 Case, the OCP believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by the provisions herein), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtor may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the

attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

## BASIS FOR RELIEF

11.     Section 327(a) of the Bankruptcy Code requires a debtor to obtain court approval to retain and employ a "professional" to assist the debtor in the conduct of its chapter 11 case. See 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327, courts often consider each of the following factors:

a.      Whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.      Whether the entity is involved in negotiating the terms of a plan of reorganization;

c.      Whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.      Whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.      The extent of the entity's involvement in the administration of the estate; and

f.      Whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See In re Am. Tissue, Inc., 331 B.R. 169, 173 (Bankr. D. Del. 2005) (citation omitted); In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (finding that only those professionals involved in the actual reorganization effort or administration of the debtor's estate, rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

12.     The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. None of the factors alone is dispositive. In re First Merchants Acceptance Corp., 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997).

13.     Section 327(e) of the Bankruptcy Code further provides that "with the court's approval" a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327.

14.     Once employed, section 330 of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual and necessary services rendered by retained professionals. See 11 U.S.C. § 330. The Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a).

15.     Upon consideration of all the factors, the Debtor believes that the OCPs are not "professionals" whose retention must be approved by the Court, within the meaning of section 327(a) of the Bankruptcy Code. In particular, the OCPs will not be involved in the administration of the Debtor's estate, but instead will provide services in connection with the Debtor's ongoing business operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide certainty for the OCPs and oversight, the Debtor seeks the relief requested in this Motion to establish definite procedures for the retention and payment of the OCPs during this Chapter 11 Case. The Debtor will seek specific authority from the Court undersection 327 of the Bankruptcy Code to retain any professionals involved in the conduct of this Chapter 11 Cases. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and other orders of the Court.

16.     The Debtor and its estate will be well served by the continued retention of the OCPs because of its prior relationships with the Debtor and its knowledge of facts relevant to the services it is providing. Moreover, in light of the significant costs associated with the preparation of separate

employment applications for professionals who will receive relatively modest fees, it would be impractical and inefficient for the Debtor and its counsel to prepare and submit individual retention applications and proposed retention orders for each OCP. The delay attendant to such a process would also be potentially disruptive to the professional services that are required for the ongoing operation of the Debtor's business during the sale and wind-up processes.

17.     Although certain of the OCPs may hold unsecured claims against the Debtor for prepetition services rendered, the Debtor does not believe that any of the OCPs have an interest that is materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matters for which such OCP is to be employed that would preclude such professional from continuing to represent the Debtor. Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional be a "disinterested" person. *See* 11 U.S.C. § 328(c). Finally, the OCP Procedures require each OCP to file a Declaration of Disinterestedness and be subject to an objection period before such OCP may be retained and compensated.

18.     For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtor, its estate, and all other parties in interest in this Chapter 11 Case. Accordingly, the Court should authorize the Debtor to employ the OCPs in accordance with the OCP Procedures.

**RESERVATION OF RIGHTS**

19.     Nothing contained herein or any action taken pursuant to relief requested is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or non-bankruptcy law; (c) a promise or

requirement to pay any claim; (d) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

## NOTICE AND NO PRIOR REQUEST

20.    Notice of this Motion is being provided to the following parties: (a) the Office of the United States Trustee for Region 3, serving the District of Delaware; (b) the Debtor' twenty (20) largest unsecured creditors; (c) the Office of the United States Attorney for the District of Delaware; and (d) any party entitled to notice pursuant to Bankruptcy Rule 2002 as of the time of service. In light of the nature of relief requested in this Motion, the Debtor submits that no further notice is necessary.

21.    No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter and order substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: September 22, 2025

GELLERT SEITZ BUSENKELL &
BROWN, LLC

*/s/ Margaret M. Manning*
Michael Busenkell (DE 3933)
Margaret M. Manning (DE 4183)
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
        mmanning@gsbblaw.com
        mvangorder@gsbblaw.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

11