IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| US MAGNESIUM, LLC, | : | Case No. 25-11696 (BLS) |
| | : | |
| | : | Obj. Deadline: October 1, 2025 at 4:00 p.m.[1] |
| Debtor. | : | Hearing Date: October 6, 2025 at 11:00 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (C) SCHEDULING AN AUCTION AND A SALE HEARING, (D) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (E) GRANTING RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE STALKING HORSE APA BETWEEN THE DEBTOR AND THE STALKING HORSE BIDDER, (B) AUTHORIZING THE SALE TO THE STALKING HORSE BIDDER OR THE SUCCESSFUL BIDDER OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (D) GRANTING RELATED RELIEF**

In support of his objection to the *Debtor's Motion For Entry of (I) an Order (A) Approving Bid Procedures in Connection With the Sale of Substantially all of the Debtor's Assets, (B) Approving the Form and Manner of Notice Thereof, (C) Scheduling an Auction and a Sale Hearing, (D) Approving Procedures For the Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; and (II) an Order (A) Approving the Stalking Horse APA Between the Debtor and the Stalking Horse Bidder, (B) Authorizing the Sale to the Stalking Horse Bidder or the Successful Bidder of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, And Interests, (C) Authorizing the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [D.I. 41] (the "Motion"),

---

[1] The objection deadline was extended by agreement of the parties.

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, states:

## PRELIMINARY STATEMENT

1. The U.S. Trustee objects to the time allotted for the marketing and auction process. The Debtors are seeking a bid deadline of October 24, 2025, which is approximately 45 days after the September 10, 2025 petition date. This is very short period of time given that there was no pre-petition marketing. Such a brief sale process is insufficient to allow the Debtor to reach all potential purchasers, and for all potential purchasers to adequately perform due diligence. The net result will be a chilling of competitive bidding and the elimination of competition to the stalking horse bid. For this reason, set forth in detail below, the U.S. Trustee respectfully requests this Court to issue a ruling denying the Motion.[2]

## JURISDICTION AND STANDING

2. This Court has jurisdiction to hear the Motion and this Objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Motion. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys.,*

---

[2] The U.S. Trustee also informally raised concerns regarding the ability of creditors to attend the auction. These concerns have been resolved with the Debtor, subject to review of a revised form of order. The U.S. Trustee reserves all rights to raise such issues at the hearing in event the form of order does not incorporate the parties' resolution.

2

*Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

5. On September 10, 2025, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On September 23, 2025, the U.S. Trustee appointed an official committee of unsecured creditors.

7. Pursuant to the Motion, the Debtor seek to, *inter alia*, sell substantially all of their assets to LiMag Holdings, LLC.  LiMag Holdings, LLC, an affiliate of the Renco Group, Inc., is the stalking horse bidder (the "Stalking Horse Bidder") pursuant to an asset purchase agreement (the "Stalking Horse APA"), subject to higher and better offers.  Mot. ¶ 11.  The Stalking Horse APA provides that the Stalking Horse Bidder will purchase the Purchased Assets, for a purchase price consisting of the Credit Bid Amount due to Renco Group, Inc., the assumption of the Wells Fargo Obligations the Renco Global Obligations, and the Bridge Loan Agreement Obligations, plus the assumption of certain Assumed Liabilities (as defined in the Stalking Horse APA).  *Id*.

## ARGUMENT

**A. Objection to the Abbreviated Time Frame of the Sale Process.**

8. Section 363(b)(1) of the Bankruptcy Code permits a debtor to sell property of the estate outside the ordinary course of business.  The debtor bears the burden of proof to show that the sale is in the best interests of the creditors and the estate:

> The sale of assets which is not in the debtor's ordinary course of business requires proof that: (1) there is a sound purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith.  The element of 'good faith' is of particular importance as the Third Circuit made clear in *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-50 (3d Cir. 1986).

*In re Exaris Inc.*, 380 B.R. 741, 744 (Bankr. D. Del. 2008) (some citations omitted).

9. Initially, the Court must determine that the bidding procedures will bring the best and highest price for the Debtor's assets. The Debtor must show that the assets have been fully marketed and that the sale is sufficiently publicized in order to prove that the assets will be sold for a fair and reasonable price. *See In re Abbotts Dairies, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986).

10. The speed at which the Debtor proposes to sell its assets creates a risk that potential buyers will not be reached, or that all potential purchasers will not have adequate time to perform due diligence, thereby reducing competition for purchase of the Debtor's assets. The net result will be a reduction in competitive bidding, and, concomitantly, in the proceeds to be realized from the sale of those assets.

11. The U.S. Trustee leaves the Debtors to their burden and reserves any and all rights to amend and/or supplement this Objection and to conduct discovery.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

**By:**   */s/ Jane M. Leamy*
     Jane M. Leamy (#4113)
     Trial Attorney
     J. Caleb Boggs Federal Building
     844 King Street, Suite 2207, Lockbox 35
     Wilmington, DE 19801
     Phone: (302) 573-6491
     Jane.M.Leamy@usdoj.gov

Dated: September 30, 2025