# **<u>EXHIBIT A</u>**

*Confidential Settlement Communication*
*Subject to FRE 408 and State Law Equivalents*
*Otterbourg Draft 10/15/2025*

### In re U.S. Magnesium LLC, Case No. 25-11696 (BLS)
*Supplemental DIP Loans Term Sheet*

On September 12, 2025, the Bankruptcy Court for the District of Delaware (the "Court") entered the *Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, and (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [D.I. 32] (the "Interim DIP Order"), authorizing Wells Fargo Bank, N.A. ("Wells Fargo"), to extend loans and advances to the Debtor under the Ratification and Amendment Agreement, pursuant to which Renco Group, Inc. ("Renco" and, collectively, with Wells Fargo, the "Parties") is Tranche B Term Loan Participant,[1] on the terms and conditions set forth in the Ratification and Amendment Agreement and the Interim DIP Order. The Interim DIP Order provides the Debtor with funding to operate under an 18-week budget (the "Budget").

The Debtor filed a proposed order (the "Proposed Final Order") that would authorize the DIP on a final basis [D.I. 126]. Objections to entry of an order approving the DIP on a final basis were filed by various parties in interest, all of which have been resolved other than those of the Official Committee of Unsecured Creditors (the "UCC"), the U.S. Environmental Protection Agency, and the State of Utah.

In an effort to resolve the outstanding objections, the Parties have agreed to the following terms pursuant to which Renco and Wells Fargo would continue to extend loans and advances under the Interim DIP Order for the 28 days (subject to client approval), in each case on terms consistent with this term sheet (the "Term Sheet").

| | | |
|---|---|---|
| 1. | **Adequate Protection** | The Lender shall be entitled to Adequate Protection Liens only with regard to the diminution in value of Pre-Petition Collateral in property of the Debtor. |
| 2. | **Milestones** | The following Milestones shall be extended, or incorporated to the DIP Credit Facility, as applicable:<br>• Hearing on and approval of Bid Procedures – November 13, 2025<br>• Final DIP Hearing – November 13, 2025<br>• Entry of order approving the sale of the Salt Lake City Property – November 13, 2025<br>• Bid Deadline – November 17, 2025<br>• Sale/ Assumption & Assignment Objection Deadline November 17, 2025<br>• Auction (if necessary) – November 18, 2025<br>• Sale Hearing – November 19, 2025<br>• Entry of Sale Order – November 20, 2025<br>• Closing Deadline – November 25, 2025 |

---

[1] Terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Interim DIP Order.

**Error! Unknown document property name.**

*Confidential Settlement Communication*
*Subject to FRE 408 and State Law Equivalents*
*Otterbourg Draft 10/15/2025*

|   |   |   |
|---|---|---|
|   |   | • Deadline for Closing of sale of Salt Lake City Property – November 25, 2025 |
| 3. | **Professional Fees** | The Restructuring Costs line item for the UCC shall be increased from a total of $125,000 for the 18-week Budget period to $350,000. The Carve Out in Paragraph 17 of the Proposed Final Order shall be increased from $450,000 to $700,000. |
| 4. | **Additional Collateral** | The Lender shall not receive any incremental rights in the Ace Commercial Tort Claim, the Skull Valley Joint Venture Interests, or the Salt Lake City Property, other than what rights the Lender received pursuant to the Interim DIP Order. Wells Fargo, for the 28-day adjournment, would limit the extent of its post-petition liens in the Salt Lake City Property, the Skull Valley Joint Venture Interests, and the Ace Commercial Tort Claim to an amount not to exceed $3,000,000. |
| 5. | **Amendment** | Paragraph 31 of the Proposed Final Order, which provides that, "The Lender, in its sole discretion, may amend, supplement or otherwise modify, or agree to a waiver or consent in respect of, any provision of the Ratification and Amendment Agreement[,]" shall be stricken.<br><br>Prior to entry of a Final DIP Order, the Ratification Amendment Agreement and the Participation Agreement shall be amended in accordance with this Term Sheet. |
| 6. | **Avoidance Actions** | The Lien in proceeds of avoidance actions granted by the Debtor to the Lender in paragraph 8 of the Proposed Final Order, and the grant of adequate protection liens in Avoidance Actions in paragraph 16(a) of the Proposed Final Order, shall be stricken. |
| 7. | **Roll-Up** | The roll up of up to $10,000,000 of the Pre-Petition Obligations to Post-Petition Obligations in paragraph 5 of the Proposed Final Order shall be stricken. |
| 8. | **Releases** | The Lender shall receive the Release fully to the extent set forth in Section 8 of the Ratification and Amendment Agreement. |
| 9. | **Interim Order Continues** | All advances made through October 16, 2025 shall be governed by the Interim DIP Order. Any subsequent advances shall be made in accordance with the terms of this Term Sheet and, to the extent not inconsistent, the Interim DIP Order. |
| 10. | **Superpriority Claims** | All advances made pursuant to the Interim DIP Order and this Term Sheet shall be entitled to superpriority administrative expense status. |
| 11. | **Application of Proceeds of Pre-Petition Collateral** | The Lender shall continue to be entitled to apply any payments of proceeds of the pre-petition collateral to the pre-petition obligations, as set forth in the Ratification and Amendment Agreement and approved in paragraph 11 of the Interim DIP Order. |
| 12. | **Use of Cash Collateral** | The Lender shall be entitled to receive all cash collateral, and proceeds thereof, arising from the sale of the Pre-Petition Collateral. |

**Error! Unknown document property name.**