**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>US MAGNESIUM LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11696 (BLS)<br><br>Hearing Date: December 11, 2025 at 11:00 am (ET)<br>Objection Deadline: December 1, 2025 at 4:00 pm (ET) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

US Magnesium LLC, the debtor and debtor in possession (the "Debtor"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 approving the private sale of certain of the Debtor's assets, as set forth in greater detail herein (the "Purchased Assets") free and clear of liens, claims, and encumbrances, with such interests to attach to the proceeds, o the terms of the Proposed Order and that certain *Letter of Intent* by and between the Debtor and Glencore Ltd. (the "Buyer"), a copy of which is attached hereto as Exhibit 1 to the Proposed Order (the "Letter of Intent"), and a bill of sale to be filed and served as soon as finalized prior to the hearing (the "Bill of Sale," and together with the Letter of Intent, the "Purchase Documents") and granting related relief.  In support of this Motion, the Debtor states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 5446.  The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The Debtor consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

**BACKGROUND**

4.  On September 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.  On September 23, 2025, the United States Trustee appointed the Committee of Unsecured Creditors (the "Committee").

6.  Further information regarding the Debtor and the events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the

*Declaration of Ron Thayer in Support of First Day Motions* [D.I. 4], which is incorporated herein by reference.

7. Since the Petition Date, the Debtor has been actively seeking a buyer for certain inventory currently in its possession, including its inventory of lithium carbonate, whether in the ordinary course of business or in a bulk sale such as the one described in the following paragraph.

8. As a result of that process, the Debtor has received the Letter of Intent from Buyer, which provides that the Buyer will purchase up to 1,100 metric tons of lithium carbonate at a purchase price of $7,500 per metric ton (the "Purchased Assets").[2] The remaining terms are detailed in the Letter of Intent, attached hereto as **Exhibit 1** to the Proposed Order.

9. To date, the Debtor has not received a better offer for its inventory of lithium carbonate, and the Debtor believes that a private sale of the Purchased Assets to Buyer, pursuant to the terms and conditions of the Purchase Documents is both appropriate and in the best interests of the Debtor, its estate, and its creditors. To be sure, if it not for the fact that this was a bulk sale of lithium carbonate, the Debtor believes this would have been a sale in the ordinary course of business.

## RELIEF REQUESTED

10. By this Motion, pursuant to sections 105(a) and 363 of the bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1, the Debtor requests that the Court approve the private sale of the Purchased Assets to Glencore Ltd. (the "Buyer"), free and clear of liens, claims, and encumbrances and grant related relief.

---

[2] The proceeds from the sale of the Purchased Assets will be subject to certain warehousing costs and royalty payments.

**BASIS FOR RELIEF REQUESTED**

**I.     The Debtor Has Demonstrated a Sound Business Justification for the Private Sale**

11.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of a debtor's estate, courts have approved the authorization of a sale of a debtor's assets if such sale is based upon the sound business judgment of the debtor. See Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing In re Schipper, 933 F.2d 513 (7th Cir. 1991)); In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992); Stephen Indus., Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986); Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983).

12.     Courts consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. See In re Decora Indus., Inc., No. 00-4459 (JJF), 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991)). Where a debtor demonstrates a valid business justification for a decision, it is presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. at 656.

13. A sound business purpose for the sale of a debtor's assets outside the ordinary course of business exists where such sale is necessary to preserve the value of the estate for the benefit of creditors and interest holders. See In re Abbotts Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986); In re Lionel Corp., 722 F 2d at 1063; In re Food Barn Stores, Inc., 107 F.3d at 564-65 (recognizing the paramount goal of any proposed sale of property of estate is to maximize value).

14. Here, the Debtor believes that a strong business justification exists for the private sale of the Purchased Assets. The Debtor is in the business of manufacturing and selling lithium carbonate, and the current inventory of lithium carbonate is sitting at the Debtor's facilities. Until it is sold, the lithium carbonate is an ongoing cost to the estate, and the Debtor has determined, in the exercise of its business judgment, that the sale of the lithium carbonate, less certain warehousing costs and royalty payments, is in the best interest of the Debtor's estate and that the purchase price contemplated is the highest and best price that could be achieved for the Purchased Assets under the circumstances.

15. Additionally, the Letter of Intent was negotiated at arm's length and reflect customary and reasonable market terms. The forthcoming Bill of Sale will simply be a formal version of those terms.

**II.    Selling the Purchased Assets by Private Sale is Appropriate**

16. Pursuant to Bankruptcy Rule 6004(f)(1), sales of property may be by private sale or public auction. In re 160 Royal Palm, LLC, 600 B.R. 119, 127–28 (S.D. Fla., 2019) ("private sales are not unheard of in bankruptcy and in fact are expressly contemplated by the rules. See Fed. R. Bankr. P. 6004(f)(1)."); see also Bankruptcy Rule 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction.").

17. A private sale of the Purchased Assets under the terms and conditions of the Purchase Documents will allow the Debtor to avoid incurring operating expenses associated with the Purchased Assets, a large portion of which currently is held at a third-party warehouse, thereby preserving value for the Debtor's estate and stakeholders.

18. As such, conducting a further auction of the Purchased Assets would only result in additional costs to the Debtor's estate, which in the Debtor's business judgment, is unlikely to result in an increased recovery to the estate.

### III. The Purchased Assets Should Be Sold Free and Clear of Liens, Claims, Interests and Encumbrances Under Section 363(f) of the Bankruptcy Code

19. The Debtor submits that the Purchased Assets should be sold free and clear of any and all liens, claims, interests and other encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests and encumbrances attaching to the proceeds of the applicable sale.

20. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if any one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c)c such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f); see also In re Kellstrom Indus., Inc., 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.")

21. Section 363(f) of the Bankruptcy Code is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that

is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.), 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of claims] is within the court's equitable powers when necessary to carry out the provisions of [the Bankruptcy Code].").

22. The Debtor submits that the sale of the Purchased Assets free and clear of all liens, claims, interests and encumbrances will satisfy one or more of the requirements under section 363(f) of the Bankruptcy Code. First, the Debtor's pre-petition secured lenders and DIP lender have consented to the proposed sale of the Purchased Assets, subject to reviewing the final Bill of Sale. Additionally, the Debtor will provide notice of the proposed private sale in order to allow any other purported lienholder the opportunity to object to the private sale.

23. As such, the Debtor requests that the Court authorize the sale of the Purchase Assets free and clear of any liens, claims, interests and encumbrances, in accordance with Section 363(f), subject to the such liens, claims, interests and encumbrances attaching to the proceeds thereof in the same order of relative priority, with eh same validity, force and effect as prior to such.

**IV.    Buyer Should Be Entitled to the Protections of Section 363(m)**

24. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. 11 U.S.C. § 363(m). Section 363(m) fosters the "policy of not only affording finality to the judgment of the [B]ankruptcy [C]ourt, but particularly to give finality to those orders and judgments upon which third parties rely." In re Abbotts Dairies, 788 F.2d at 147. Although the Bankruptcy Code does not define "good faith," the Third Circuit has held that "the phrase encompasses one who purchases in 'good faith' and for 'value.'" Id.

25. The Debtor submits that the Buyer here is a "good faith purchaser" within the meaning of section 363(m).  The Debtor and Buyer have entered into the Letter of Intent without collusion, in good faith and after extensive arm's length.  The Debtor is unaware of any party engaging in any conduct that would render Section 363(m) unavailable here.

26. The Debtor requests a finding that the Buyer is a good faith purchaser and is entitled to the full protections afforded by section 363(m) of the Bankruptcy Code.

27. Based on the foregoing, the Debtor submits that it ahs demonstrated that the proposed private sale is a sound exercise of the Debtor's business judgment and should be approved as a good faith transaction.

## WAIVER OF BANKRUPTCY RULE 6004(h)

28. The Debtor believes that any private sale should be consummated as soon as practicable to preserve and maximize value.  Accordingly, the Debtor requests that the Proposed Order approving the sale of the Purchased Assets be effective immediately upon entry of such order and that the fourteen-day stay under Bankruptcy Rules 6004(h).

## NOTICE

29. The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for Region 3, serving the District of Delaware (Attn: Jane M. Leamy); (b) counsel to the Official Committee of Unsecured Creditors; (c) the Office of the United States Attorney for the District of Delaware; (d) the Internal Revenue Service; and (e) any party entitled to notice pursuant to Bankruptcy Rule 2002 as of the time of service.

30. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, and grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 17, 2025

GELLERT SEITZ BUSENKELL & BROWN, LLC

/*s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Margaret M. Manning (DE 4183)
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
 mmanning@gsbblaw.com
 mvangorder@gsbblaw.com

*Counsel to the Debtor and Debtor-in-Possession*