# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>US MAGNESIUM LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11696 (BLS) |

ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF
DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND
ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO
THE PROCEEDS, AND (B) GRANTING RELATED RELIEF

Upon *Debtor's Motion for Entry of an Order (A) Approving the Private Sale of Certain of Debtor's Assets Free and Clear of Liens, Claims and Encumbrances, With Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* (the "Motion") filed by the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") approving the private sale of certain of the Debtor's assets, as set forth in greater detail herein (the "Purchased Assets") free and clear of liens, claims, and encumbrances, with such interests to attach to the proceeds (the "Sale"), all as further described in the Motion; and upon consideration of the record of this Chapter 11 Case; and this Court having found that (i) this Court has jurisdiction over the Debtor, its estate, property of its estate and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required

---

[1] The last four digits of the Debtor's federal tax identification number are 5446.  The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116.

under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the record of this Chapter 11 Case establishes just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED AND ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

3. The Bill of Sale, attached hereto as **Exhibit 1**, and all of its terms and conditions are hereby approved. The failure to specifically include any particular provisions of the Bill of Sale in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that the Bill of Sale be authorized and approved in its entirety.

4. Pursuant to Bankruptcy Code sections 105(a), and 363, the Debtor is authorized to consummate the transaction, including the payment of certain costs and royalty payments, provided for in the Bill of Sale effective immediately upon entry of this Order.

5. The Debtor is authorized to execute and deliver, and empowered to perform under, consummate and implement, the Bill of Sale and all additional instruments and documents that may be reasonably necessary or desirable to implement the Bill of Sale, and to take all further actions as may be necessary for the purposes of assigning, transferring, granting, conveying and

conferring to the Buyer of the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Bill of Sale.

6. Pursuant to Bankruptcy Code section 363(f), the sale of the Purchased Assets is, without need for any action by any party, free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of such sale (the "Sale Proceeds") with the same validity, extent and priority as had attached to such Purchased Assets immediately prior to such sale. The holder of any valid lien, claim, encumbrance, or interest on such Purchased Assets shall, as of the effective date of such sale, be deemed to have waived and released such lien, claim, encumbrance, or interest on the Purchased Assets, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the Sale Proceeds. All persons or entities holding liens, claims, encumbrances or interests of any kind or nature whatsoever in, to or against the Purchased Assets or the operation of the Purchased Assets are hereby and forever barred, estopped, and permanently enjoined from asserting against the Buyer or any of its successors, assigns or property (including, without limitation, the Purchased Assets) any lien, claim, encumbrance or interest existing, accrued or arising prior to the Closing (as defined below).

7. This Order shall be good and sufficient evidence of the transfer of title in the Purchased Assets to the Buyer, and the sale consummated pursuant to this Order and the Bill of Sale shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets sold pursuant to this Order, including, without

limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state and local officials, and each of such persons and entities is here-by directed to accept this Order as good and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the sales contemplated hereby.  A certified copy of this Order may be: (a) filed with the appropriate clerk or similar official, (b) recorded with the applicable recorder of deeds or similar official, and/or (c) filed or recorded with any other governmental agency to evidence the cancellation of any and all liens, claims, encumbrances and interests with respect to the Purchased Assets.

8.      This Order and the Bill of Sale shall be binding and enforceable in all respects upon (a) the Debtor and all successors and assigns of the Debtor, (b) all creditors or interest holders, in each case, whether known or unknown, of the Debtor, (c) the Buyer and its successors and permitted assigns, and (d) any subsequent trustee appointed in the chapter 11 case of the Debtor party to the Bill of Sale or upon conversion of such cases to chapter 7 of the Bankruptcy Code.

9.      The Bill of Sale and each of the transactions contemplated therein, were negotiated, proposed, and entered into by the Debtor and Buyer, in good faith, without collusion, and from arm's length bargaining positions.  Buyer is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

10.     No bulk sales law, bulk transfer law, or similar law of any state or other jurisdiction shall apply in any way to the Sale.  The Debtor and Buyer waive, and hereby shall be deemed to have waived, any requirement of compliance with, and any claims related to noncompliance with, the provisions of any bulk sales, bulk transfer, or similar law of any jurisdiction that may be applicable.

5

11. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules, this Order shall be effective and enforceable immediately upon entry, and the fourteen (14)-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply. Time is of the essence in closing the Sale and the Debtor and Buyer intend to close the Sale as soon as practicable.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and the Bill of Sale.

# **EXHIBIT 1**

# GLENCORE

November 11, 2025

**US Magnesium**
**Attn**:   Ron Thayer

Dear Ron,

We are pleased to submit the below revised expression of interest to purchase lithium carbonate. This replaces the previous letter sent dated November 6, 2025.

- Seller : US Magnesium LLC
- Buyer : Glencore Ltd.
- Quantity : All quantity of Product available at both Quality and Rowley warehouses, expected to be up to a maximum of 1,100mt, as follows:
    - Up to 810mt located at Quality Distribution Center, Salt Lake City, UT, USA
    - Up to 290mt located at Seller's Rowley facility, Grantsville, UT, USA
- Product : Lithium carbonate as per Seller's specifications attached
- Quality :
    - A) Battery grade : $Li_2CO_3$ : 99.5% min.
    - B) Technical grade : $Li_2CO_3$ : 99.0% min.
- Shipment : prompt, exact schedule to be mutually agreed
- Delivery : FCA Salt Lake City, UT or Grantsville, UT
- Price : $7,500/MT for both qualities
- Payment :
    - Provisional : 90% of invoice value 3 days after Delivery Date
    - Final : balance 10% once all final details (weight, quality) known
- Packing : 500kg bags on pallets
- Weights and Assays : To be final at discharge port by an internationally recognized surveyor
- Validity : until November 21, 2025 @ 5pm EST. Thereafter subject to Buyer's reconfirmation
- Remainder of Terms and Conditions as per Glencore standard

Thanks you for the opportunity and look forward to your feedback.

Yours sincerely,

**Eitan Schwartz**
SVP Commercial
Glencore Ltd.