**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>US MAGNESIUM LLC,[1]<br><br>  Debtor. | Chapter 11<br><br>Case No. 25-11696 (BLS)<br><br>**Hearing Date: April 9, 2026 at 10:00 am (ET)**<br>**Objection Deadline: April 2, 2026 at 4:00 pm (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE PRIVATE SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH INTERESTS TO ATTACH TO THE PROCEEDS, AND (B) GRANTING RELATED RELIEF**

US Magnesium LLC, the debtor and debtor in possession (the "Debtor"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 approving the private sale (the "Sale") of certain of the Debtor's assets, as set forth in greater detail herein (the "Purchased Assets") free and clear of liens, claims, and encumbrances, with such interests to attach to the proceeds (the "Sale Proceeds"), on the terms of the Proposed Order and the Purchase Contract by and between the Debtor and Glencore Ltd. (the "Buyer"), a copy of which is attached as Exhibit 1 to the Proposed Order (the "Purchase Contract") and granting related relief.  In support of this Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of

---

[1] The last four digits of the Debtor's federal tax identification number are 5446.  The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116

Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The Debtor consents pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

### BACKGROUND

4.     On September 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.     On September 23, 2025, the United States Trustee appointed the Committee of Unsecured Creditors (the "Committee").

6.     Further information regarding the Debtor and the events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Ron Thayer in Support of First Day Motions* [D.I. 4], which is incorporated herein by reference.

7.      Since the Petition Date, the Debtor has been actively seeking a buyer for certain inventory currently in its possession, including its inventory of contaminated lithium carbonate, whether in the ordinary course of business or in a bulk sale.

8.      On December 22, 2025, this Court entered the *Order (A) Approving the Private Sale of Certain of Debtor's Assets Free and Clear of Liens, Claims and Encumbrances, with Such Interests to Attach to the Proceeds, and (B) Granting Related Relief* [D.I. 408] (the "First Lithium Sale Order"), which authorized the sale of up to 1,100 metric tons of lithium carbonate to the Buyer (the "First Lithium Sale").  The First Lithium Sale has since closed.

9.      The Debtor continues to hold in its possession approximately 37 metric tons of contaminated lithium carbonate (the "Purchased Assets").  The Buyer has agreed to purchase the Purchase Assets at a price of $5,000 per metric ton (the "Purchase Price") based on the terms set forth in the Purchase Contract.  The Sale of the Purchased Assets will be subject to certain royalty payments owed to the State of Utah (the "Royalties"), which will be paid from the Sale Proceeds. The Sale of the Purchased Assets is also subject to the payment of any applicable taxes, including, without limitation, taxes owed pursuant to Utah Code Ann. § 59-5-202 (the "Taxes").

10.     To date, the Debtor has not received a better offer for the Purchased Assets, and the Debtor believes that a private sale of the Purchased Assets to Buyer, pursuant to the terms of the Purchase Contract is both appropriate and in the best interests of the Debtor, its estate, and its creditors.

11.     The Debtor believes that the Sale of the Purchased Assets would have been a sale in the ordinary course of business, but out of an abundance of caution seeks the relief requested herein.

**RELIEF REQUESTED**

12.     By this Motion, pursuant to sections 105(a) and 363 of the bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1, the Debtor requests that the Court approve the Sale of the Purchased Assets to Glencore Ltd. (the "Buyer"), free and clear of liens, claims, and encumbrances and grant related relief.

**BASIS FOR RELIEF REQUESTED**

**I.      The Debtor has Demonstrated a Sound Business Justification for the Private Sale**

13.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of a debtor's estate, courts have approved the authorization of a sale of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  See Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing In re Schipper, 933 F.2d 513 (7th Cir. 1991)); In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992); Stephen Indus., Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986); Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983).

14.     Courts consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith.  See In re Decora Indus., Inc., No. 00-4459 (JJF), 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991)).  Where a

debtor demonstrates a valid business justification for a decision, it is presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. at 656.

15.    A sound business purpose for the sale of a debtor's assets outside the ordinary course of business exists where such sale is necessary to preserve the value of the estate for the benefit of creditors and interest holders. See In re Abbotts Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986); In re Lionel Corp., 722 F 2d at 1063; In re Food Barn Stores, Inc., 107 F.3d at 564-65 (recognizing the paramount goal of any proposed sale of property of estate is to maximize value).

16.    Here, the Debtor believes that a strong business justification exists for the private sale of the Purchased Assets.  Prior to the sale of its facilities, the Debtor was in the business of, *inter alia*, manufacturing and selling lithium carbonate. The Purchased Assets remain at facilities that have since been sold by the Debtor.  As part of its liquidation efforts, the Debtor has determined, in the exercise of its business judgment, that the Sale of the Purchased Assets, less the Royalties and any applicable Taxes, is in the best interest of the Debtor's estate and that the purchase price contemplated is the highest and best price that could be achieved for the Purchased Assets under the circumstances, including the fact that the Debtor will not be operating going forward.

17.    Additionally, the Purchase Contract was negotiated at arm's length and reflects customary and reasonable market terms with a highly motivated buyer that has previously closed a much larger transaction with the Debtor during the pendency of this case.

5

## II.    Selling the Purchased Assets by Private Sale is Appropriate

18.    Pursuant to Bankruptcy Rule 6004(f)(1), sales of property may be by private sale or public auction.  In re 160 Royal Palm, LLC, 600 B.R. 119, 127–28 (S.D. Fla., 2019) ("private sales are not unheard of in bankruptcy and in fact are expressly contemplated by the rules. See Fed. R. Bankr. P. 6004(f)(1)."); see also Bankruptcy Rule 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction.").

19.    The Sale of the Purchased Assets under the terms and conditions of the Purchase Contract will allow the Debtor to avoid incurring expenses associated with the Purchased Assets, which is currently sitting at a facility that is no longer owned or operated by the Debtor.  It is in the best interests of Debtor, its estate and all stakeholders, to liquidate the Purchased Assets in order to realize the value of those assets as efficiently as possible.

20.    As such, conducting a further auction of the Purchased Assets would only result in additional costs to the Debtor's estate, which in the Debtor's business judgment, is unlikely to result in an increased recovery to the estate.

## III.    The Purchased Assets Should Be Sold Free and Clear of Liens, Claims, Interests and Encumbrances Under Section 363(f) of the Bankruptcy Code

21.    The Debtor submits that the Purchased Assets should be sold free and clear of any and all liens, claims, interests and other encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests and encumbrances attaching to the proceeds of the applicable Sale.

22.    Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if any one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c)c such interest is a lien and the price at which such property is to be sold

6

is greater than the value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f); see also In re Kellstrom Indus., Inc., 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.").

23.    Section 363(f) of the Bankruptcy Code is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a); see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.), 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of claims] is within the court's equitable powers when necessary to carry out the provisions of [the Bankruptcy Code].").

24.    The Debtor submits that the Sale of the Purchased Assets free and clear of all liens, claims, interests and encumbrances will satisfy one or more of the requirements under section 363(f) of the Bankruptcy Code.  First, the Debtor's pre-petition secured lender has consented to the proposed Sale of the Purchased Assets, subject to reviewing the proposed final order. Additionally, the Debtor will provide notice of the Sale in order to allow any other purported lienholder the opportunity to object to the Sale.

25.    As such, the Debtor requests that the Court authorize the Sale of the Purchased Assets free and clear of any liens, claims, interests and encumbrances, in accordance with Section 363(f), subject to the such liens, claims, interests and encumbrances attaching to the proceeds thereof in the same order of relative priority, with eh same validity, force and effect as prior to such.

## IV.    Buyer Should Be Entitled to the Protections of Section 363(m)

26.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal.  11 U.S.C. § 363(m).  Section 363(m) fosters the "policy of not only affording finality to the judgment of the [B]ankruptcy [C]ourt, but particularly to give finality to those orders and judgments upon which third parties rely."  In re Abbotts Dairies, 788 F.2d at 147.  Although the Bankruptcy Code does not define "good faith," the Third Circuit has held that "the phrase encompasses one who purchases in 'good faith' and for 'value.'"  Id.

27.    The Debtor submits that the Buyer here is a "good faith purchaser" within the meaning of section 363(m).  The Sale of the Purchased Assets is proposed in good faith, after arm's length negotiations and without collusion.  The Debtor is unaware of any party engaging in any conduct that would render Section 363(m) unavailable here.

28.    The Debtor requests a finding that the Buyer is a good faith purchaser and is entitled to the full protections afforded by section 363(m) of the Bankruptcy Code.

29.    Based on the foregoing, the Debtor submits that it has demonstrated that the proposed Sale is a sound exercise of the Debtor's business judgment and should be approved as a good faith transaction.

### WAIVER OF BANKRUPTCY RULE 6004(h)

30.    The Debtor believes that any private sale should be consummated as soon as practicable to preserve and maximize value.  Accordingly, the Debtor requests that the Proposed Order approving the Sale of the Purchased Assets be effective immediately upon entry of such order and that the fourteen-day stay under Bankruptcy Rules 6004(h).

8

**NOTICE**

31.     The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for Region 3, serving the District of Delaware (Attn: Jane M. Leamy); (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to Wells Fargo, N.A.; (d) the Internal Revenue Service; (e) counsel to the Utah Division of Forestry, Fire, and State Lands; and (f) any party entitled to notice pursuant to Bankruptcy Rule 2002 as of the time of service.

32.     No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 19, 2026

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Margaret M. Manning (DE 4183)
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
        mmanning@gsbblaw.com
        mvangorder@gsbblaw.com

*Counsel to the Debtor and Debtor-in-Possession*