# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| US MAGNESIUM LLC,[1] | Case No. 25-11696 (BLS) |
| Debtor. | |

**ORDER GRANTING DEBTOR'S OMNIBUS MOTION SEEKING ENTRY OF**
**AN ORDER AUTHORIZING THE REJECTION OF CERTAIN CONTRACTS**
***NUNC PRO TUNC* TO THE EFFECTIVE DATE AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Omnibus Motion Seeking Entry of an Order Authorizing the Rejection of Certain Contracts Nunc Pro Tunc to the Effective Date and Granting Related Relief* (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"); and this Court having found that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the requirements of Bankruptcy Rule 6006 are satisfied; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that such notice is adequate and no other or further notice need be given; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby:

**ORDERED AND DECREED THAT:**

---

[1] The last four digits of the Debtor's federal tax identification number are 5446.  The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

1

1.      The Motion is GRANTED, as set forth herein.

2.      Each of the Agreements set forth on **Exhibit 1** attached hereto is rejected, *nunc pro tunc* to March 23, 2026.

3.      <u>Trinity Industries Leasing Company ("TILC")</u>:   In resolution of the Objection [Docket No. 698] filed by TILC to the Debtors' proposed rejection of that certain pre-petition Railcar Lease Agreement (the "**Lease Agreement**") whereby TILC leased to U.S. Magnesium (the "**Debtor**") (collectively the "**Parties**") certain railcars, including the following railcars presently located on the Rowley, Utah premises: TILX 111510, TILX 111528, and TILX 111568 (the "**Railcars**") and the Debtor's proposed abandonment of certain hydrochloric acid ("**HCL**") contained in One Railcar owned by TILC and currently located on the Rowley, Utah premises [Docket No. 697], the Parties agree to the following statements of fact and resolution of TILC's Objections:

> a.      The Railcars each contained hydrochloric acid. Debtor represents that the hydrochloric acid was emptied from two of the three Railcars, but that the emptied Railcars continue to have only residue of the hydrochloric acid (as "residue" is defined in 49 C.F.R. § 171.8) remaining in the railcar. One Railcar currently remains full of hydrochloric acid.

> b.      The Parties agree to facilitate the shipment and return of the Railcars to the location designated below. Subject to the approval and cooperation of the Utah Division of Forestry, Fire and State Lands ("**FFSL**") regarding access to the Railcars, the Debtor agrees to make the emptied Railcars ready for transport by the servicing railroad within a reasonable timeframe, not to exceed thirty (30) days

from the entry of this Order, and issue a waybill for the shipping of TILC's emptied Railcars remaining on the Rowley, Utah premises to the facility located at:

**VLS Environmental Solutions**
**17020 Premium Dr.**
**Hockley, Texas 77447**
**Servicing Railroad: UPRR**

c.      For the Railcar currently loaded with hydrochloric acid, FFSL will facilitate the removal of the hydrochloric acid.  Once emptied, and subject to the approval and cooperation of FFSL regarding access to the emptied Railcar, the Debtor agrees to make the emptied Railcar ready for transport by the servicing railroad, and issue a waybill to facilitate shipment of the Railcar to the designated address within a reasonable timeframe, not to exceed thirty (30) days from the entry of this Order or the date on which FFSL empties the Railcar, whichever is later.

d.      TILC agrees to cover the cost of freight associated with the shipment of the Railcars to the above location. The Parties acknowledge that Debtor shall remain the offeror and hazardous materials shipper of record for such movements the Railcars containing hydrochloric acid residue.

e.      TILC hereby reserves the right to file a proof of claim for all amounts owed pursuant to its underlying Lease Agreement and for the cost of freight associated with the return and cleaning of the Railcars. TILC reserves the right to amend its claims at any time.

4.      The Debtor reserves all rights to contest any rejection damages claim.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, amount or priority of any claim against the Debtor; (ii) a waiver of the Debtor's rights to dispute any claim;

3

(iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtor that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver or limitation of the Debtor's or the respective counterparties' rights under the Bankruptcy Code, any other applicable law or any agreement; or (vii) an admission or concession by the Debtor that any lien is valid, and the Debtor expressly reserves and preserves its rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

6.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the interpretation, implementation, and enforcement of this Order.

# **EXHIBIT 1**

| COUNTER PARTY | CONTRACT DESCRIPTION |
| --- | --- |
| Cargill, Inc. | Side Letter to Brine Supply Agreement, dated November 2, 2023 |
| Cargill, Inc. | Brine Supply Agreement, dated August 3, 1993 |
| Forgen, LLC | Construction Contract, dated May 16, 2023 |
| Hartmann, Roblin | Employment Contract |
| Hill Brothers Chemical Company | Sales Agreement |
| Indeck Power Equipment Company | Boiler Rental Agreement |
| International Battery Materials Ltd. (IBAT) | Lithium Recover Equipment Agreement |
| Linde, Inc. | Nitrogen Tank Lease Agreement |
| Mammoth Machinery and Supply, Inc. | Mobile Equipment Rental Agreement |
| Odin Construction, Inc. | Construction Contract |
| Sisecam Chemical Resources, LLC | Soda Ash Supply Agreement |
| Sumitomo Corporation of Americas | Sales Agreement |
| Trinity Industries Leasing Company | Railcar Lease Agreement |
| Tripp, G. Thomas | Employment Contract |