**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 25-11696 (BLS) |
| US MAGNESIUM LLC, | ) |
| | ) Re: D.I. 776 and 777 |
| Debtor. | ) |
| | ) **Hearing Date: May 7, 2026, at 10:00 a.m. (ET)** |
| | ) **Objection Deadline: April 24, 2026, at 4:00 p.m. (ET)** |
| | ) **(Extended by agreement of counsel)** |
| | ) |

**LIMITED OBJECTION OF THE PENSION BENEFIT GUARANTY CORPORATION
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMBINED
DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF
US MAGNESIUM LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Pension Benefit Guaranty Corporation ("PBGC"), on behalf of the US Magnesium

LLC Hourly Defined Benefit Pension Plan (the "Pension Plan"), hereby files this limited

objection to the *Official Committee of Unsecured Creditors' Combined Disclosure Statement and*

*Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the Bankruptcy Code* (the

"Combined Disclosure Statement and Plan") [D.I. 776]. The Combined Disclosure Statement

and Plan does not mention or provide adequate information about the Pension Plan, which is

sponsored by US Magnesium LLC (the "Debtor"). PBGC has provided language to the Official

Committee of Unsecured Creditors (the "Committee") to incorporate into the Combined

Disclosure Statement and Plan that will address PBGC's concern and provide adequate

information about the Pension Plan. PBGC expects to consensually resolve its concerns with the

Committee in the near term. However, PBGC files this limited objection to provide additional

information and reserve its rights if an agreement cannot be reached.

**BACKGROUND**

A.    **PBGC and the Pension Plan**

1.       PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the pension insurance program under Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301-1461 (2018, Supp. V 2024) ("ERISA").

2.       PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded pension plan terminates, PBGC generally becomes trustee of the pension plan and, subject to certain statutory limitations, pays the pension plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

3.       Title IV of ERISA provides the exclusive means of terminating a defined benefit pension plan. *See* 29 U.S.C. § 1341(a)(1). A pension plan can terminate in a "standard termination" under 29 U.S.C. § 1341(b), a "distress termination" under 29 U.S.C. § 1341(c), or a "PBGC-initiated termination" under 29 U.S.C. § 1342.

4.       Distress terminations and most PBGC-initiated terminations involve the termination of a pension plan that has insufficient assets to pay the plan's promised benefits. *See* 29 U.S.C. §§ 1341(c), 1342.

5.       In contrast, a standard termination requires that the pension plan have sufficient assets to pay all benefit liabilities as determined under the plan provisions in effect on the pension plan's termination date. 29 U.S.C. § 1341(b)(1)(D).

6.       If a pension plan terminates in a distress termination or a PBGC-initiated termination, then the pension plan's contributing sponsor and each member of its controlled

2

group are jointly and severally liable to PBGC for the pension plan's unfunded benefit liabilities, 29 U.S.C. § 1362(b); *see also* 29 U.S.C. § 1301(a)(18), and any unpaid minimum funding contributions owed to the pension plan under 29 U.S.C. §§ 1082, 1083, 1362(b) and 26 U.S.C. §§ 412, 430.

7.      The plan sponsor and each controlled-group member are also jointly and severally liable to PBGC for statutory insurance premiums. 29 U.S.C. §§ 1306, 1307. For some pension plan terminations, this includes termination premiums in the amount of $1,250 per pension plan participant per year for three years. 29 U.S.C. § 1306(a)(7).

8.      The Debtor is the contributing sponsor of the Pension Plan, a single-employer defined-benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. §§ 1301(a)(13), 1321. The Pension Plan covers approximately 420 participants.

**B.      The Debtor's Bankruptcy Case and PBGC's Claims**

9.      On September 10, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

10.      On September 23, 2025, the United States Trustee appointed members to the Committee.

11.      On February 5, 2026, this Court approved the sale of certain of the Debtor's assets to the Utah Division of Forestry, Fire, and State Lands ("FFSL") [D.I. 583]. FFSL did not assume the Pension Plan as part of that sale. As a result, the Pension Plan remains with the Debtor.

12.      On March 12, 2026, PBGC filed three unliquidated proofs of claim (Proof of Claim Nos. 43, 44, and 45, "PBGC's Claims") against the Debtor for (1) the Pension Plan's unfunded benefit liabilities under 29 U.S.C. §§ 1362, 1368; (2) any minimum funding

contributions owed to the Pension Plan under 26 U.S.C. §§ 412, 430, 29 U.S.C. §§ 1082, 1342, 1362(c); and (3) pension insurance premiums under 29 U.S.C. §§ 1306, 1307.

13.     On April 6, 2026, the Committee filed the Combined Disclosure Statement and Plan.

**LIMITED OBJECTION**

14.     PBGC objects to the Combined Disclosure Statement and Plan because it lacks adequate information as required by Section 1125 of the Bankruptcy Code. Disclosure statements are required to "contain all material information relating to the risks posed to creditors and equity interest holders under the proposed plan of reorganization." *In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990) (citation omitted); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003) (quoting 11 U.S.C. § 1125(a)(1) and observing that a plan proponent "has an affirmative duty to provide creditors with a disclosure statement containing 'adequate information' to 'enable a creditor to make an informed judgment about the [proposed plan]'"); *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.*), 848 F.2d 414, 417 (3d Cir. 1988).

15.     Here, the Combined Disclosure Statement and Plan does not provide adequate (or any) information about the Pension Plan or PBGC's Claims. Given the Debtor's liquidation, the Combined Disclosure Statement and Plan should explain how the Debtor intends to address the Pension Plan and PBGC's Claims.

16.     PBGC has been in discussions with the Debtor and The Renco Group, Inc. ("Renco"), a member of the Debtor's controlled group as defined by 29 U.S.C. § 1301(a)(14), regarding the treatment of the Pension Plan. It has been represented to PBGC that Renco is

planning to assume the Pension Plan. Upon Renco's assumption of the Pension Plan, PBGC's Claims will be deemed withdrawn.

17.     However, unless and until Renco assumes the Pension Plan, the Debtor, and any successor to the Debtor, will remain responsible for (i) satisfying the minimum funding requirements for the Pension Plan under 26 U.S.C. §§ 412 and 430 and 29 U.S.C. §§ 1082 and 1083; (ii) paying all required premiums for the Pension Plan, if any, owed to PBGC under 29 U.S.C. §§ 1306 and 1307; and (iii) administering the Pension Plan in accordance with the applicable provisions of ERISA and the Internal Revenue Code.

18.     PBGC has provided the Committee with standard language about the expected treatment of the Pension Plan and PBGC's Claims. PBGC customarily requests such language, and debtors regularly agree to include it in their disclosure statements and Chapter 11 plans.

19.     PBGC's requested language will ensure that creditors have adequate information about the Pension Plan and PBGC's Claims.

20.     The Committee is reviewing PBGC's language and PBGC is hopeful that it will be able to resolve its concerns consensually with the Committee. However, as of this filing, an agreement on language has not yet been reached.

## **RESERVATION OF RIGHTS**

21.     If the Committee and PBGC cannot agree on language to include in the Combined Disclosure Statement and Plan, PBGC reserves its rights to object to the Combined Disclosure Statement and Plan and to request that this Court order the Committee to include PBGC's

language in the Combined Disclosure Statement and Plan so as to provide creditors with

adequate information regarding the Pension Plan and PBGC's Claims.

Dated: April 23, 2026
     Washington, D.C.

Respectfully Submitted,

/s/ *Desirée M. Amador*
JACK LUND
General Counsel
CRAIG T. FESSENDEN
Deputy General Counsel
COLIN B. ALBAUGH
Assistant General Counsel
DESIREE M. AMADOR
Attorney
Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
445 12th Street S.W.
Washington, D.C. 20005-4026
Telephone: (202) 229-3625
Emails: amador.desiree@pbgc.gov and
     efile@pbgc.gov

*Counsel for Pension Benefit Guaranty Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April 2026, the Limited Objection of the Pension

Benefit Guaranty Corporation to the Official Committee of Unsecured Creditors' Combined

Disclosure Statement and Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the

Bankruptcy Code was served via CM/ECF on all parties registered to receive notices for this

case.

/s/ Desirée M. Amador
Desirée M. Amador