**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| US MAGNESIUM LLC,[1] | : | Case Number 25-11696 (BLS) |
| | : | |
| Debtor. | : | Re: Docket Nos. 866 |
| | : | Hearing Date: May 19, 2026 at 11:00 a.m. (ET) |
| | : | Objection Deadline: May 15, 2026 at 4:00 p.m. (ET) |

**UNITED STATES' LIMITED OBJECTION TO DEBTOR'S MOTION FOR AUTHORIZATION TO (I) ENTER INTO AND PERFORM ITS OBLIGATIONS UNDER AN ASSET MONETIZATION AGREEMENT IN CONNECTION WITH THE SALE OF THE DEBTOR'S REMAINING M&E AND SCRAP ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES OF ANY NATURE; (II) RETAIN THE SERVICES OF SB360 CAPITAL PARTNERS, LLC AS ITS LIQUIDATION CONSULTANTS IN CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF**

The United States, on behalf of the Environmental Protection Agency ("EPA"), files this limited objection to the Debtor's Motion seeking authorization to enter into an agreement in connection with the sale of the Debtor's remaining machinery and equipment ("M&E") and scrap assets, and to retain SB360 Capital Partners, LLC (the "Consultant") as the Debtor's liquidation consultant (the "Motion") (Docket No. 866).

## INTRODUCTION

1. The United States takes no position on the relief requested in the Motion or the retention of the Consultant. Rather, the focus of this Limited Objection is the breadth of paragraph 12 of the proposed order granting the Motion, which states:

> The Consultant shall not be responsible for the removal or disposition of any environmentally hazardous chemicals, solvents or substances found at the Premises or obtaining or maintaining any Environmental Permits. The Consultant shall have no liability to any party for any environmental action brought: (i) that is related to the storage, handling, treatment, disposition, generation,

[1] The last four digits of Debtor US Magnesium LLC's tax identification number is 5446. The location of the Debtor's principal place of business and the Debtor's service address is 238 N. 2200 W., Salt Lake City, Utah 84116.

> or transportation of hazardous materials, or (ii) in connection with any remedial actions associated therewith, save and except for any gross negligence or willful misconduct on its part.

2. EPA is charged with overseeing the protection of public health and the environment under various statutes, including the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.*, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901, *et seq*., the Toxic Substances Control Act, 15 U.S.C. §§ 2601, *et seq*., and their implementing regulations, statutes, rules, and regulations.

3. On September 10, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On February 5, 2026, this Court entered the Sale Order approving the sale of certain assets to the Utah Division of Forestry, Fire, and State Lands. (Docket No. 583). The sale closed the following day.

5. The Debtor is in the process of liquidating its remaining assets and is no longer operating as a going concern.

6. On March 27, 2026, the Court entered an Order authorizing the retention of Focus Management Group USA., Inc. as Liquidation Project Manager (the "Liquidation Project Manager") (Docket No. 756).

7. The Debtor filed the Motion, in part, because the Liquidation Project Manager, Debtor, and Debtor's advisors believe that the Consultant has the necessary experience to maximize the value of the Debtor's remaining assets.

**LIMITED OBJECTION**

8. CERCLA prohibits pre-enforcement judicial review of EPA's actions. Under 42 U.S.C. § 9613(h), the federal courts lack the power to review any EPA pre-enforcement action. Construing this section, the Second Circuit in *Carter Day Industries, Inc. v. U.S. Env't Prot. Agency, (In re Combustion Equip. Assocs., Inc.)*, 838 F.2d 35 (2d Cir. 1988), concluded that the Bankruptcy Court cannot issue a declaratory judgment or advisory opinion regarding a debtor's potential CERCLA liability before the United States takes enforcement action against the potentially responsible party ("PRP"). The Third Circuit has followed suit in prohibiting pre-enforcement review of EPA response actions under CERCLA. *Lone Pine Steering Comm. v. U.S. Env't Prot. Agency*, 777 F.2d 882, 887-888 (3d Cir. 1985) (denying pre-enforcement review where a PRP seeks a declaratory judgment of non-liability); *Clinton Cnty. Comm'rs v. U.S. Env't Prot. Agency*, 116 F.3d 1018, 1025 (3d Cir. 1997) (denying pre-enforcement review on action brought under citizen suit provision).

9. These cases are relevant here because paragraph 12 of the proposed order includes forward-looking protection for the Consultant, including from potential CERCLA liability. In fact, paragraph 12 seeks to protect the Consultant from "liability to *any party* for *any environmental action* brought: (i) that is relating to the storage, handling, treatment, disposition, generation, or transportation of hazardous materials, or (ii) in connection with any remedial actions…" (emphasis added). This Court does not have the authority to grant such broad protections.[2]

[2] The United States is not asserting that the Consultant, if retained, is liable for the Debtor's pre-petition conduct. In fact, liability under environmental statutes is unlikely if the Consultant does not move, remove, or dispose of any environmentally hazardous chemicals, solvents, wastes, or substances found at the Premises.

10. This Court also does not have authority to waive or exclude Environmental Permit requirements. Non-bankruptcy rules, regulations, and laws dictate if the Consultant must obtain or maintain applicable Environmental Permits.[3]

11. Accordingly, this Court should not enter an order eliminating the Consultant's potential future liability under environmental law nor should the Court limit the Consultant's obligations to obtain or maintain any environmental permits.

12. The United States' Limited Objection can be resolved with the following change to paragraph 12:

> The Consultant shall not ~~be responsible for the~~ move, ~~removal~~ remove, or ~~disposition~~ dispose of any environmentally hazardous chemicals, solvents, wastes, or substances found at the Premises ~~or obtaining or maintaining any Environmental Permits~~. The Consultant shall have no liability to the Debtor or the Debtor's estate ~~any party~~ for any environmental action brought: (i) that is related to the storage, handling, treatment, disposition, generation, or transportation of hazardous materials, or (ii) in connection with any remedial actions associated therewith, save and except for any gross negligence or willful misconduct on its part.

**CONCLUSION**

13. For the reasons stated above, the United States requests that the Motion be denied unless the order approving the Motion includes the changes proposed above or is otherwise modified in a way that resolves the United States' concerns.

---

[3] Again, if the Consultant does not store, handle, treat, dispose, generate, or transport hazardous materials or waste, then it seems unlikely that the Consultant would need to obtain or maintain any federal environmental permits.

FOR THE UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

/s/Matthew Indrisano

Matthew Indrisano
Jeanne T. Cohn
Senior Counsel
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 353-5969 – Indrisano
(202) 598-0131 – Cohn
matthew.indrisano@usdoj.gov
jeanne.cohn@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2026, I filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all interested parties of record.

/s/Matthew Indrisano
Matthew Indrisano