**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| US MAGNESIUM LLC, [1] | § | Case No. 25-11696 (BLS) |
| | § | |
| Debtor. | § | Related to Docket No. 860 |

**LIMITED OBJECTION OF ALYSSA LEANNE HORNE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT JOHN SELF, KAITLYN SUMMERS, AND RYAN SELF TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MODIFIED AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION OF US MAGNESIUM LLC**

Alyssa Leanne Horne, individually and as Personal Representative of the Estate of Robert John Self, Kaitlyn Summers, and Ryan Self (collectively, the "*Claimants*"), file this limited objection (the "*Objection*") to the *Official Committee of Unsecured Creditors' Modified Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 860] (the "*Plan*"), and in support thereof, respectfully state as follows:

## I.    FACTUAL BACKGROUND

1.    Claimants have personal injury, wrongful death, and survival claims pending against US Magnesium LLC (the "*Debtor*") and other non-debtor defendants in Cause No. 240901743 in the Third Judicial District Court, Salt Lake County, State of Utah, styled *Alyssa Leanne Horne, Individually and as Representative of the Estate of Robert John Self, Kaitlyn Summers, Individually, and Ryan Self, Individually v. U.S. Magnesium, LLC, Nate Jones, and Keith Rydalch* (the "*State Court Case*").  See **Exhibit A**.

---

[1] The last four digits of the Debtor's federal tax identification number are 5446. The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116.

2.      Claimants' claims arise from a plant explosion at Debtor's mineral conversion facility in Tooele County, Utah, on or about March 5, 2022, which resulted in fatal injuries to Robert John Self and forms the basis of the wrongful death and survival claims asserted in the State Court Case.

3.      Claimants' claims are unliquidated.  Debtor maintained liability insurance coverage applicable to the types of claims asserted by Claimants in the State Court Case.

4.      On or about September 10, 2025, the Debtor commenced the above-captioned chapter 11 case (the "*Bankruptcy Case*") by filing a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "*Court*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

5.      Claimants timely filed proofs of claim in the Bankruptcy Case and reserved all rights with respect to the liquidation of such claims, jury trial rights, and adjudication outside the Bankruptcy Case.  *See* POC Nos. 74, 75, 76.

6.      On May 6, 2026, the Official Committee of Unsecured Creditors (the "*Committee*"), as plan proponent, filed the Plan.

7.      The Plan provides that the Debtor's Insurance Policies shall remain in effect according to their terms and that all rights under such Insurance Policies shall be preserved notwithstanding confirmation of the Plan.  *See* Plan § 13.3.

8.      The Plan further incorporates procedures for the treatment of Claims payable by third parties, including insurers. As part of the claims administration process, the Plan expressly provides for the recovery and payment of Claims from applicable insurance coverage.  *See* Plan § 12.13.

9.      However, the Plan also contains a broad injunction prohibiting holders of Claims from commencing or continuing actions against the Debtor or property of the Estate on account of such Claims except as otherwise authorized by the Plan.  *See* Plan § 16.3.

10.     The Plan further incorporates procedures governing the allowance, estimation, and resolution of disputed Claims and provides for the Bankruptcy Court's continuing jurisdiction over such matters following confirmation.  *See* Plan §§ 12.5 and 18.1.

11.     As such, while the Plan preserves Insurance Policies and provides a mechanism for payment of Claims through applicable insurance coverage, it does not expressly preserve Claimants' rights to continue prosecuting the State Court Case to final judgment or settlement as a predicate to establishing liability and damages so as to pursue recovery from such insurance coverage.

## II.      ARGUMENTS AND AUTHORITIES

12.     For confirmation of the Plan, the Committee, as plan proponent, must demonstrate by a preponderance of the evidence that the Plan complies with section 1129 of the Bankruptcy Code.  *See In re Hercules Offshore, Inc.*, 565 B.R. 732, 766 (Bankr. D. Del. 2016) ("The plan proponent bears the burden of establishing the plan's compliance with each of the requirements set forth in § 1129(a), while the objecting parties bear the burden of producing evidence to support their objections."); *see also In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511–12 (3d Cir. 2005) ("Confirmation of a proposed Chapter 11 reorganization plan is governed by 11 U.S.C. § 1129. A court will confirm a plan if it meets all of the requirements set out in section 1129(a)."). Section 1129 requires the Committee to establish its Plan complies with all applicable provisions of the Bankruptcy Code, is proposed in good faith, and is not proposed by any means forbidden by law.  *See* 11 U.S.C. § 1129(a)(1), (3).  The Committee has not met its

burden as the Plan fails to comply with provisions of the Bankruptcy Code and other requirements of law.

13.    As personal injury claimants, the liquidation of Claimants' claims is expressly excluded from the Bankruptcy Court's core claims allowance authority. *See* 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5). Claimants further retain their rights to trial by jury with respect to such claims. *See* 28 U.S.C. § 1411(a). Absent the consent of all parties, the Bankruptcy Court may not conduct a jury trial. *See* 28 U.S.C. § 157(e). The Plan, however, does not expressly provide for the adjudication of Claimants' personal injury, wrongful death, and survival claims outside the Bankruptcy Case to final judgment or settlement, notwithstanding the Plan's preservation of Insurance Policies and procedures for recovery from applicable insurance coverage.

14.    As such, Claimants file this limited Objection to the Plan. Claimants seek confirmation language preserving their rights to adjudicate their personal injury, wrongful death, and survival claims outside the Bankruptcy Case to final judgment or settlement and to collect any resulting judgment or settlement against applicable insurers, while preserving any recovery against the Debtor to the claims administration and distributions under the Plan.

15.    Claimants reserve all rights with respect to the Plan, any amendments, modifications, supplements, or restatements thereof, and any confirmation order entered in connection therewith.  Claimants further reserve the right to supplement, amend, or renew this Objection, and to adopt or join any objections, responses, or positions asserted by other parties in interest to the extent consistent with Claimants' interests.

### III.    PRAYER

WHEREFORE, Claimants respectfully request that the Court enter a Confirmation Order preserving Claimants' rights to (1) adjudicate their claims against Debtor in the State Court Case

to final judgment or settlement, including any appeal; (2) collect any final judgment or settlement against available insurance policies and applicable insurance proceeds; (3) preserve any recovery against the Debtor as Claims within the administration of the Bankruptcy Case; and (4) grant Claimants such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of June 2026.

ESBROOK P.C.

/s/ Maria Aprile Sawczuk
Maria Aprile Sawczuk (DE Bar No. 3320)
800 N. King Street, Suite 301
Wilmington, DE 19801
302-408-7353
Email: maria.sawczuk@esbrook.com

--and--

Ryan E. Chapple, (*Pro Hac Vice* Pending)
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
Email: rchapple@cstrial.com

*Attorneys for Alyssa Leanne Horne, Individually and as Representative of The Estate Of Robert John Self, Kaitlyn Summers, and Ryan Self*