# EXHIBIT A

Roland Christensen (#18610)
(*pro hac vice anticipated*)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
rchristensen@arnolditkin.com
RolandTeam@arnolditkin.com
e-service@arnolditkin.com

Kurt B. London (#16499)
**London Harker Injury Law PLLC**
8800 S. Harrison Street
Sandy, Utah 84070
Telephone: (385) 777-4777
kurt@londonharker.com

*Attorneys for Plaintiffs*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| ALYSSA LEANNE HORNE, INDIVIDUALLY AND AS REPRESENTANTIVE OF THE ESTATE OF ROBERT JOHN SELF, KAITLYN SUMMERS INDIVIDUALLY, AND RYAN SELF INDIVIDUALLY, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. MAGNESIUM, LLC, NATE JONES, AND KEITH RYDALCH, <br><br> Defendants. | **AMENDED COMPLAINT** <br><br> **JURY DEMANDED** <br><br><br> Case No. 240901743 <br> Judge Keith Kelly <br> Tier 3 |

1

Alyssa Leanne Horne, individually as a representative of the estate of Robert John Self (deceased), through her undersigned counsel, hereby complains and alleges the following against Defendant U.S. Magnesium, LLC; Nate Jones and Keith Rydalch ("Defendants") and will respectfully show as follows:

## VENUE AND JURISDICTION

1. This Court has jurisdiction over this matter under Utah CODE ANN. § 78A-5-102.

2. Venue is proper in this Court under Utah CODE ANN. § 78B-3-307 because one or more of the Defendants reside in Salt Lake County at the commencement of this action and/or resided in Salt Lake County when the cause of action arose.

## PARTIES

3. Plaintiff **Alyssa LeAnne Horn** ("Plaintiff") is a resident of California and brings this wrongful death claim, individually and as representative of the Estate of Robert Self (decedent). Plaintiff's claims are brought under Utah Code 78B-3-106 ("Wrongful Death Statute"), and Utah Code 78B-3-107 ("Survival Statute"). Plaintiff specifically brings these claims on behalf of the Estate of Robert Self and also on behalf of all heirs including, but not limited to: Alyssa LeAnne Horn, Kaitlyn Summers, and Ryan Self.

4. Plaintiff **Kaitlyn Summers** ("Plaintiff") is a resident of California and brings this wrongful death claim, individually and as representative of the Estate of Robert Self (decedent). Plaintiff's claims are brought under Utah Code 78B-3-106 ("Wrongful Death Statute"), and Utah Code 78B-3-107 ("Survival Statute").

5. Plaintiff **Ryan Self** ("Plaintiff") is a resident of California and brings this wrongful death claim, individually and as representative of the Estate of Robert Self (decedent).

2

Plaintiff's claims are brought under Utah Code 78B-3-106 ("Wrongful Death Statute"), and Utah Code 78B-3-107 ("Survival Statute").

6. Defendant **U.S. Magnesium, LLC** ("U.S. Magnesium") is a foreign limited liability company with its principal place of business in Salt Lake County, Utah. Upon information and belief, U.S. Magnesium's members are domiciled in Utah. This Defendant may be served with process through its registered agent: CT CORPORATION SYSTEM at 1108 E South Union Avenue, Midvale, UT 84047.

7. Defendant **Nate Jones** is a resident of Utah and was the project manager responsible for overseeing the boiler installation at the time of the incident. This Defendant may be served with process at his home address of 5673 N. Aberdeen Lane, Tooele, Utah 84074, or wherever he may be found.

8. Defendant **Keith Rydalch** is a resident of Utah and is the operations manager for U.S. Magnesium. This Defendant may be served with process at his home address of 1463 W Edra Way, Tooele, UT 84074 or wherever he may be found.

<u>**FACTS**</u>

9. On or about March 5, 2022, Robert Self was killed in a plant explosion at U.S. Magnesium's mineral conversion plant in Tooele County, Utah.

10. On the date of the incident, Mr. Self was working as a technician for Nationwide Boiler Inc.

11. Nationwide Boiler Inc. was contracted with Defendant U.S. Magnesium for the delivery and use of a water-tube boiler.

12. Specifically, U.S. Magnesium rented the water tube boiler from Nationwide Boiler Inc.

13.  U.S. Magnesium contracted with Nationwide Boiler Inc. to install the boiler and train U.S. Magnesium's operators.

14. U.S. Magnesium rented the boiler for its operations at its plant to supply steam involved in mineral extraction and refinement.

15. Defendant Jones and Rydalch oversaw the Tooele plant and the subject operations.

16. At the time of the incident, Defendant Jones, project manager for the boiler installation and startup, coordinated the power and natural gas resources necessary for the boiler installation.

17. As the overall operations manager, Defendant Rydalch was the project sponsor who communicated with Nationwide Boiler Inc. for the procurement and necessary resources for U.S. Magnesium's plant.

18. Defendants Jones and Rydalch procured the boiler and services of Robert Self to provide the necessary heat and energy for tasks like drying, smelting, refining, and separating minerals from ore in the process of extracting and harvesting magnesium.

19. Robert Self was a technician for Nationwide who was working on the initial startup of the equipment.

20. As the subject boiler was nearing full start-up, the natural gas provided by Defendants Jones and Rydalch, began to accumulate in the system and ignited into a fiery explosion.

21. The gas and power supplied was supposed to be controlled and regulated by control valves and switches.

22. Upon information and belief, Defendants Jones and Rydalch were in charge of ensuring the subject area where Mr. Self was working had the proper hazardous area designation and lock-out-tag-out protocols. It did not.

23. Instead, the uncontrolled natural gas and electricity supplied to the boiler was done so in a manner known or substantially certain to cause an explosion.

24. And in a way known or reasonably known by Defendants Jones, Rydalch, and U.S. Magnesium that put Mr. Self and others like him at severe risks of injury or death.

25. As a result of Defendants U.S. Magnesium, Jones and Rydalch's direct or indirect negligence, Robert Self sustained severe injuries which ultimately led to his death.

## CAUSES OF ACTION

### A. Negligence and Gross Negligence Against U.S. Magnesium, Jones and Rydalch

26. Plaintiff repeats and re-alleges each allegations contained above.

27. Plaintiff sustained injuries as a direct and proximate cause of the negligence and gross negligence of U.S. Magnesium, Jones and Rydalch because of their:

    a. Failure to provide a safe working environment;

    b. Failure to train its employees;

    c. Failed to adequately inspect the premises;

    d. Failure to maintain proper Management of Change "MOC" procedures;

    e. Failure to issue proper Safe Work Permits;

    f. Failure to issue proper Permits to Work;

    g. Failure to institute and follow proper Lock Out Tag Out procedures;

    h. Failure to supply safe and operable equipment;

    i. Failure to supervise the installation and startup of the boiler;

j. Failure to provide proper safety training;

k. Failure to supply the proper power source to the boiler;

l. Failure to adapt the facility to the proper Hazardous Level area;

m. Failure to provide a reasonably safe premises;

n. Failure to warn about unreasonably dangerous conditions;

o. Failure to remedy the unreasonably dangerous conditions;

p. Violation of applicable rules, regulations, ordinances, safety laws, and industry standards; and

q. Other acts considered negligent and grossly negligent.

28. Plaintiff sustained injuries as a direct and proximate cause of U.S. Magnesium, Jones and Rydalch's negligence and gross negligence because they individually and collectively:

a. Failed to inspect the premises;

b. Failed to adequately maintain the boiler;

c. Failed to adequately supervise the startup procedures on the boiler;

d. Failed to adequately equip boiler and facility with proper electrical and natural gas sources;

e. Failed to provide a reasonably safe premises;

f. Failed to warn about unreasonably dangerous conditions of the unsecured power source and natural gas;

g. Failed to remedy the unreasonably dangerous conditions of the leaking gas;

h. Failed to adequately supervise their employees;

i. Failed to adequately train their employees;

6

j.  Failed to have adequate policies and procedures on proper start up procedures; maintenance, hiring, training, and supervision;

k.  Failed to follow industry standards for hiring, training, and supervising its installation technicians;

l.  Violated applicable rules, regulations, ordinances, safety laws, and industry standards; and

m.  Other acts considered negligent and grossly negligent.

29. On balance, U.S. Magnesium, Jones and Rydalch owed a duty to Plaintiff, consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of decedent's injuries. As a result of U.S. Magnesium, Jones and Rydalch's negligence, Plaintiff is entitled to recover for these injuries individually and on behalf of the decedent.

**B.  *Negligence Per Se Against U.S. Magnesium, Jones, and Rydalch***

30. Plaintiff repeats and re-alleges each allegation contained above.

31. The conduct as described herein constitutes an unexcused breach of duties imposed by the Utah Admin. Code R307-326-9 - Monitoring of Leaks from Petroleum Refinery Equipment; Utah Admin. Code R307-326-10 - Alternate Methods of Control; Utah Code Title 34A - Chapter 7 - Part 1 and Rule R616-2-3; ASME Boiler and Pressure Vessel Code Sections I, IV, VIII Div 1., ASME B31.1 Power Piping Code; ASME Boiler and Pressure Vessel Code Sections II, III (1), III (2),  III (3), V, VI, VII, VIII (2), VIII (3), IX, X, XI, XII; National Board Inspection Code NB-23 Part 3; Controls and Safety Devices for Automatically Fired Boilers, CSD-1 (heat input greater than 400,000 BTU but less than 12,500,000 BTU); NFPA 85 Boiler and Combustion Systems Hazards Code;  Recommended Administrative Boiler and Pressure

7

Safety Rules and Regulations, NB-132; and ANSI/API 510. Defendants Jones and Rydalch were responsible for ensuring the foregoing codes were followed.

32. Robert Self is a member of the class that the above sections of the above Utah Code was written to protect.

33. Upon information and belief, Defendants failed to properly employ boiler and pressure code requirements as well as control or safety devices for the automatically fired boilers. Defendants knew or should have known of the requirements of these statutory standards yet failed to ensure they were properly followed.

34. Defendants unexcused breach of the duties imposed by the above sections of the Utah code proximately caused Plaintiff's injuries.

### C. Premises Liability Against U.S. Magnesium

35.  Plaintiff repeats and re-alleges each allegation contained above.

36. U.S. Magnesium is a chemical manufacturing plant in Tooele, Utah owned and operated by Defendant. The address of the U.S. Magnesium plant is 12819 N. Rowley Street, Skull Valley, Utah.

37. Decedent Robert Self was an invitee and on the premises of US Magnesium for purpose, directly or indirectly, connected to the business dealings of U.S. Magnesium.

38. U.S. Magnesium knew or should have known the area where decedent was working was unsafe and not properly supplied with power or natural gas.

39. U.S. Magnesium knew or should have known Robert Self would not discover the unsafe condition of the power supply and natural gas to his boiler.

40. U.S. Magnesium failed to repair, replace, and/or adequately warn Robert Self about the dangerous condition of the boiler shortly before and at the time of the explosion.

8

41. As a result, Defendant breached duties, decedent suffered severe injuries which ultimately led to his death. Plaintiff, individually and as representative of the Estate of Robert Self, is entitled to recover for these injuries.

### D. *Respondeat Superior against U.S. Magnesium*

42. Plaintiff repeats and re-alleges each allegation contained above.

43. At the time of the incident and immediately prior thereto, U.S. Magnesium, by and through its project manager Nate Jones and operations manager Keith Rydalch, were the direct managers and supervisors of the employees involved in the boiler start-up. The foregoing employees' conduct contributed to the subject explosion, at the direction of Defendant Jones and Rydalch, by acting within the course and scope of employment for U.S. Magnesium.

44. At the time of the incident and immediately prior thereto, U.S. Magnesium managers and employees involved in the boiler start-up contributing to the subject explosion were engaged in the furtherance of U.S. Magnesium's business.

45. At the time of the incident and immediately prior thereto, U.S. Magnesium managers and employees involved in the boiler start-up contributing to the subject explosion were engaged in accomplishing a task for which they were employed. Specifically, upon information and belief, U.S. Magnesium defendants did not have proper permits and supplied uncontrolled natural gas and power to the boiler where Mr. Self was working.

46. Plaintiff invokes the doctrine of *Respondeat Superior* against U.S. Magnesium.

### E. *Agency against U.S. Magnesium*

47. Plaintiff repeats and re-alleges each allegation contained above.

48. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of U.S. Magnesium,

9

occurred within the scope of the actual or apparent authority of such person on behalf of U.S. Magnesium. Specifically, upon information and belief U.S. Magnesium employees were operating without approved permits and supplied uncontrolled natural gas and electricity to the subject boiler where Mr. Self was working.

49. Therefore, U.S. Magnesium is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of by virtue of such agency relationship.

### F. *Negligent Hiring U.S. Magnesium, Jones and Rydalch*

50. Plaintiff repeats and re-alleges each allegation contained above.

51. Robert Self sustained injuries and death as a result of U.S. Magnesium, Jones, and Rydalch's negligent hiring because of their:

    a. Failure to conduct a reasonable and adequate interview of their employees;

    b. Failure to properly follow up on information not provided by their employees in the interview process;

    c. Failure to conduct proper employment and background check of their employees;

    d. Failure to sufficiently investigate their employees' training, prior employment, criminal record, and past;

    e. Failure to perform the required screening and/or testing of employees;

    f. Failure to adopt proper policies and procedures on the interview of a potential employees; and

    g. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

52. On balance, U.S. Magnesium, Jones and Rydalch owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. Because of U.S. Magnesium, Jones, and

Rydalch's negligent and grossly negligent hiring, Robert Self suffered severe injuries which ultimately led to his death.  Plaintiff is entitled to recover for these injuries.

53. Additionally, the actions/inactions of U.S. Magnesium, Jones and Rydalch were done with a reckless disregard of a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary/punitive damages.

### G. Negligent Training against U.S. Magnesium, Jones, and Rydalch

54. Plaintiff repeats and re-alleges each allegation contained above.

55. Robert Self sustained injuries as a result of U.S. Magnesium, Jones, and Rydalch's negligent training because of their:

    a. Failure to explain and establish their safety policies and procedures;

    b. Failure to provide the necessary training on the supply of natural gas and electricity to boilers;

    c. Failure to properly train regarding all aspects hot work permits in a known hazardous area;

    d. Failure to train regarding safe employment and start up for a boiler in a known hazardous area;

    e. Failure to provide and/or require regular follow-up checks of the permits and boiler; and

    f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

56. On balance, Defendants' owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligent and grossly negligent training, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for her injuries.

11

57. Additionally, the actions/inactions of were grossly negligent as they were done with a reckless disregard of a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary/punitive damages.

### H. Negligent Supervision, Retention, and Monitoring against U.S. Magnesium, Jones, and Rydalch

58. Plaintiff repeats and re-alleges each allegation contained above.

59. Robert Self sustained injuries and ultimately died from U.S. Magnesium, Jones, and Rydalch's negligent supervision, retention, and monitoring because of U.S. Magnesium's:

   a. Failure to monitor their employees to make sure that they were complying with policies and procedures;

   b. Failure to interview and test their employees to make sure they had read, and were familiar with, understood, and followed the company policies and procedures;

   c. Failure to implement proper policies and procedures for their employees regarding boiler installation, maintenance, and safety;

   d. Failure to document and make a determination regarding fault in the accident made the basis of this suit;

   e. Failure to supervise employees to ensure that they were employing proper permits;

   f. Failure to supervise employees to ensure the proper amount of natural gas and electricity was controlled and provided to the boiler for startup;

   g. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

60. On balance, U.S. Magnesium, Jones and Rydalch owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries and death. As a result of U.S. Magnesium, Jones, and Rydalch's negligent and grossly negligent supervision, retention, and monitoring,

Plaintiff suffered severe injuries which ultimately led to his death. Plaintiff is entitled to recover for these injuries and wrongful death.

### JURY TRIAL DEMANDED

61. Plaintiff hereby demands a trial by jury.

### RULE 26(C)(5) TIER 3 ELECTION

62. Plaintiff's damages are well in excess of $300,000.00. Thus, this case qualifies for Tier 3 discovery under Rule 26(c)(5). Plaintiff elects Tier 3 discovery in this matter.

### PRAYER FOR RELIEF

63. **WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

 a. For actual and exemplary damages in an amount within the jurisdictional limits of the court;

 b. For all pre-death pain and suffering and mental anguish suffered by Robert Self before he died;

 c. For past and future pain and suffering, and mental anguish;

 d. For past and future lost wages and lost wage-earning capacity;

 e. For past and future loss of parental relations;

 f. For pre and post-judgment interest, as allowed by law;

 g. For costs of suit including costs of depositions and expert witness fees;

 h. For all other damages as allowed under Utah law;

 i. All wrongful death and survivorship damages allowed under law for the death of Robert Self on behalf of his estate and also on behalf of his heirs individually;

13

j.  For exemplary/punitive damages for all Defendants' conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others; and

k.  For such other relief as the court deems just and fair.

**DATED:** March 4, 2024

**ARNOLD & ITKIN LLP**

*/s/ Roland C. Christensen*
Roland Christensen (#18610)
(*pro hac vice anticipated*)
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
rchristensen@arnolditkin.com
RolandTeam@arnolditkin.com
e-service@arnolditkin.com

***Attorneys for Plaintiffs***

**Plaintiffs' Address:**
Alyssa LeAnne Horne
Kaitlyn Summers
Ryan Self
c/o Roland Christensen
Arnold & Itkin
6009 Memorial Drive
Houston, Texas 77007