**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| US MAGNESIUM LLC, | ) | Case No. 25-11696 (BLS) |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

**DECLARATION OF SHAUN MARTIN, INDEPENDENT
MANAGER OF US MAGNESIUM LLC, IN SUPPORT OF FINAL
APPROVAL AND CONFIRMATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' SECOND AMENDED
COMBINED DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION
OF US MAGNESIUM LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Shaun Martin, hereby declare under penalty of perjury:

1.  I am the Independent Manager of US Magnesium, LLC, a Delaware limited liability company (the "Debtor").  On August 25, 2025, in anticipation of the forthcoming chapter 11 case (the "Chapter 11 Case"), I was appointed as independent manager of the Debtor. I understand that in my capacity as the Debtor's independent manager, I have a fiduciary duty to act in the best interest of the Debtor's estate.

2.  I submit this declaration (this "Declaration") in support of final approval, and confirmation, of the *Official Committee of Unsecured Creditors' Second Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the Bankruptcy Code* (as may be supplemented, amended, or modified, the "Combined Disclosure Statement and Plan"), which was filed by the Official Committee of Unsecured Creditors (the "Committee" or the "Plan Proponent") contemporaneously herewith.[2] In particular, I submit

---

[1] The last four digits of the Debtor's federal tax identification number are 5446. The Debtor's service address for the purpose of this chapter 11 case is: 238 N. 2200 W. Salt Lake City, UT 84116.

[2] Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan.

this Declaration as evidence that the Combined Disclosure Statement and Plan satisfies the requirements of sections 1122 and 1129(a)(3) of title 11 of the United States Code (the "Bankruptcy Code").

3.      References to the Bankruptcy Code, the chapter 11 process, and related legal matters are based on my understanding of such matters, or in reliance on the explanation provided by, and with the advice of, counsel.

4.      I am generally familiar with the terms and provisions of the Combined Disclosure Statement and Plan, the Plan Supplement, the various exhibits, schedules, and ancillary documents related thereto, the documents submitted in support of the Combined Disclosure Statement and Plan, and the requirements for final approval and confirmation of the Combined Disclosure Statement and Plan pursuant to the Bankruptcy Code.

5.      Except as otherwise noted, all facts set forth in this Declaration are based on my personal knowledge, my discussions with members of the Debtor's management and its outside advisors, my review of relevant documents, including the Combined Disclosure Statement and Plan, and any documents submitted in support thereof, and/or my opinion based upon my experience and knowledge of the Debtor's operations, its financial condition, and the industry in general.  In making this Declaration, I have relied in part on information and materials that the Debtor's management team has gathered, prepared, verified, and provided to me, in each case under my supervision, at my direction, or for my benefit in preparing the Declaration.

6.      Based on my role as Independent Manager of the Debtor, my work in this Chapter 11 Case and my understanding of the Combined Disclosure Statement and Plan, I believe that the Combined Disclosure Statement and Plan satisfies sections 1129(a)(3), of the Bankruptcy Code, has been proposed by the Committee in good faith, maximizes value for the Debtor's estate, and

54861792.4

is in the best interests of the Debtor's creditors and all parties in interest. Therefore, I believe that the Combined Disclosure Statement and Plan should be approved on a final basis and confirmed.

7.      Contemporaneously herewith, I understand that the Committee also filed the Combined Disclosure Statement and Plan, as well as (a) the *Declaration of Selwyn Perry With Respect to the Tabulation of Votes on the Official Committee of Unsecured Creditors' Second Amended Combined Disclosure Statement and Plan of US Magnesium LLC under Chapter 11 of the Bankruptcy Code* (the "Voting Report"), (b) the *Declaration of Adam M. Rosen in Support of Final Approval and Confirmation of the Official Committee of the Unsecured Creditors' Second Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium Under Chapter 11 of the Bankruptcy Code* (the "Rosen Declaration"), (c) *The Official Committee of Unsecured Creditors' Memorandum of Law in Support of Final Approval and Confirmation of the Second Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Brief"), and (d) the *Official Committee of Unsecured Creditors' Omnibus Reply to Objections to the Combined Disclosure Statement and Plan* (the "Reply"), in each case, in support thereof.

8.      If I were called to testify as a witness in this matter, I could and would testify competently to the facts set forth herein.

## I.      QUALIFICATIONS AND ROLE IN THIS CHAPTER 11 CASE

9.      I have over 25 years of experience working in distressed situations, including restructurings and corporate finance. I have held executive officer positions within various industries and advised boards, management teams, and creditors of financially and operationally distressed companies. In these roles, I have managed all aspects of the financial restructuring process. I previously held the title of senior managing director with multiple nationally recognized consulting companies and I was also a founder of a national turnaround advisory firm. Over the

54861792.4

course of my career, I have previously served as an independent board member. I graduated from the University of Massachusetts, Amherst with a Bachelor of Business Administration.

10.     I was appointed as independent manager of the Debtor on August 25, 2025. I understand that in my capacity as an independent manager, I have a fiduciary duty to act in the best interest of the Debtor's estate.

### A.      The Plan Process Generally

11.     On January 21, 2026, the Bankruptcy Court entered the *Order (I) Extending the Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan and (II) Granting Related Relief* [Docket No. 500] (the "Exclusivity Order").  Pursuant to the Exclusivity Order, the Debtor's exclusive period to file a chapter 11 plan was extended through and including March 9, 2026, and the Debtor's exclusive period to solicit acceptances of a chapter 11 plan was extended through and including May 8, 2026.  Notwithstanding the extensions contained therein, pursuant to paragraph 5 of the Exclusivity Order, with respect to the Committee, the extension of the exclusivity periods for which the Debtor was solely permitted to file and/or solicit a chapter 11 plan was thirty (30) days—through February 8, 2026.

12.     On March 4, 2026, the Debtor filed the Debtor's Second Motion for Entry of an Order (I) Extending the Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan and (II) Granting Related Relief [Docket No. 675] (the "Second Exclusivity Motion"), pursuant to which the Debtor sought an extension through May 8, 2026 of the exclusive rights of the Debtor and the Committee to file a chapter 11 plan and an extension through July 7, 2026 of the exclusive rights of the Debtor and the Committee to solicit acceptances of such chapter 11 plan.  On March 17, 2026, the Bankruptcy Court entered the Order approving the Second Exclusivity Motion. [Docket No. 705].

4

54861792.4

13.    On April 6, 2026, the Committee subsequently filed the Combined Disclosure Statement and Plan, which I understand provides for, among other things, the orderly liquidation of the Debtor's assets to maximize recoveries available to the Debtor's constituents, and the expeditious wind-down of the Post-Effective Date Debtor.

14.    On May 4, 2026, the Debtor filed the Debtor's Third Motion for Entry of an Order (I) Extending the Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan and (II) Granting Related Relief [Docket No. 846] (the "Third Exclusivity Motion"), pursuant to which the Debtor sought an extension through July 7, 2026 of the exclusive rights of the Debtor and the Committee to file a chapter 11 plan and an extension through September 7, 2026 of the exclusive rights of the Debtor and the Committee to solicit acceptances of such chapter 11 plan.  On May 20, 2026, the Bankruptcy Court entered the Order approving the Third Exclusivity Motion [Docket No. 896].

15.    The Combined Disclosure Statement and Plan is the product of extensive efforts by the Committee and arm's-length, good faith negotiations between the Committee, the Debtor, Wells Fargo,  the State of Utah Division of Forestry, Fire and State Lands ("FFSL"), the U.S. Environmental Protection Agency (the "EPA"), Forgen, LLC ("Forgen"), Tooele County, and other key stakeholders, which I believe would permit a Chapter 11 Case that has been contested and adversarial to reach a value-maximizing conclusion.  To effectuate the liquidation of the Debtor's assets and the orderly wind-down of the Post-Effective Date Debtor, I understand that the Combined Disclosure Statement and Plan provides for the establishment of a Liquidating Trust to, among other things, liquidate the Liquidating Trust Assets and distribute the proceeds thereof to the Liquidating Trust Beneficiaries in accordance with the terms of the Combined Disclosure Statement and Plan.  I also understand that the Combined Disclosure Statement and Plan provides

for the appointment of a Wind-Down Officer to act as the managing member of the Post-Effective Date Debtor, while the Collateral Liquidating Manager liquidates the property of the Post-Effective Date Debtor for the benefit of the Prepetition Secured Lenders and the Debtor's Estate.

### B.   Objections and Informal Comments

16.   I have been advised that understand that the Committee received certain formal objections and informal comments to the Combined Disclosure Statement and Plan and/or the Confirmation Order.  I understand that the Committee worked diligently with various parties-in-interest to consensually resolve the majority of the objections, comments, and requests, which are described in more detail in the Reply, but that certain objections are not yet resolved.  I understand that the Committee intends to continue to attempt to resolve most outstanding objections. However, to the extent that the Committee cannot resolve any objection, I believe that any such objections should be overruled and the Combined Disclosure Statement and Plan should be confirmed as I believe the Combined Disclosure Statement and Plan satisfies the applicable requirements for confirmation and is in the best interest of the Debtor's Estate and all parties-in-interest.

### II.   THE COMBINED DISCLOSURE STATEMENT AND PLAN SATISFIES THE REQUIREMENTS FOR CONFIRMATION

17.   I am aware that to confirm a chapter 11 plan, a plan proponent must demonstrate that a plan satisfies the requirements of section 1129 of the Bankruptcy Code.  Based on my understanding of the Combined Disclosure Statement and Plan, the events that have occurred throughout this Chapter 11 Case, and my discussions with the Debtor's advisors, and management team, I believe that the Combined Disclosure Statement and Plan satisfies the confirmation requirements of sections 1129(a) and (b) of the Bankruptcy Code and should be confirmed.  I have

6

set forth the reasons for such belief below, except where such compliance is apparent on the face of the Combined Disclosure Statement and Plan, the Plan Supplement, and the related documents or where it will be the subject of evidence introduced at the Combined Hearing.

        **A.     The Combined Disclosure Statement and Plan Complies with the Applicable Provisions of the Bankruptcy Code as Required by Section 1129(a)(1) of the Bankruptcy Code.**

18.     I understand that section 1129(a)(1) of the Bankruptcy Code requires the Combined Disclosure Statement and Plan to comply with the applicable provisions of the Bankruptcy Code, which in turn generally requires compliance with sections 1122 and 1123 of the Bankruptcy Code. As detailed herein, I have been made aware of information that leads me to conclude that the Combined Disclosure Statement and Plan satisfies this requirement.

**i.   Classification of Claims and Interests (§ 1122).**

19.     I understand that section 1122 of the Bankruptcy Code requires that claims or interests may be placed in a particular class in a chapter 11 plan only if such claims are substantially similar to the other claims or interests in such class.

20.     I am familiar with the Combined Disclosure Statement and Plan's classification of Claims and Interests, and after discussions with the Debtor's advisors, I believe that valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims or Interests created under the Combined Disclosure Statement and Plan. Section 2.1 of the Combined Disclosure Statement and Plan separately classifies Claims against and Interests in the Debtor as follows:

| Class | Designation | Treatment | Entitled to Vote |
|-------|-------------|-----------|------------------|
| 1 | Priority Non-Tax Claims | Unimpaired | No (presumed to accept) |
| 2 | Other Secured Claims | Unimpaired | No (presumed to accept) |
| 3 | Senior Secured Claims | Impaired | Yes |
| 4 | Subordinated Secured Claims | Impaired | Yes |
| 5 | Deficiency Claims | Impaired | Yes |
| 6 | Insider Unsecured Claims | Impaired | Yes |
| 7 | General Unsecured Claims | Impaired | Yes |
| 8 | Interests | Impaired | No (presumed to reject) |

21.    I believe that the Plan's classification of Claims and Interests satisfies the requirements set forth therein because (a) each Class only comprises substantially similar Claims or Interests, as applicable; and (b) each instance of separate classification of Claims and Interests under the Combined Disclosure Statement and Plan is based on valid legal, factual, or business reasons.

22.    It is my understanding that other aspects of the classification scheme reasonably relate to the different legal or factual nature of Claims or Interests, and as such, dissimilar Claims and Interests are not classified together under the Combined Disclosure Statement and Plan. Generally speaking, the classification scheme follows the Debtor's capital structure—thereby taking into account the relative priority among Claims and Interests, including the relative priority between Secured and Unsecured Claims, and with Claims against and Interests in the Debtor classified separately. I understand that Secured Claims against the Debtor were classified into three (3) separate Classes based on their separate legal statuses, including the contractual subordination of the Subordinated Secured Claims to the Senior Secured Claims pursuant to the Intercreditor Agreements. Unsecured Claims against the Debtor were classified into three (3) separate Classes based on different characteristics of the Unsecured Claims. Deficiency Claims arising from purported Holders of Secured Claims against the Debtor were classified separately from other Unsecured Claims recognizing the contingent nature and different legal status of such

8

Claims. Moreover, Insider Unsecured Claims which are generally the subject of potential recharacterization are separately classified from other Unsecured Claims. Moreover, given the Committee Challenge, and the potential liability therefrom, I understand that such Claimants might be voting based not only on their interests as creditors, but on their interests as equity-holders and litigation targets, which I understand to be a legitimate basis for separate classification of creditors' claims apart from claims of other general unsecured creditors. Finally, all General Unsecured Claims against the Debtor are classified together.

23. Accordingly, I believe that each Claim or Interest in each particular Class is substantially similar to every other Claim or Interest in that Class.

24. Therefore, it is my understanding that the Combined Disclosure Statement and Plan complies with section 1122 of the Bankruptcy Code.

### B. The Combined Disclosure Statement and Plan was Proposed in Good Faith (§1129(a)(3)).

25. I understand section 1129(a)(3) of the Bankruptcy Code to require a plan to be proposed in good faith and not by any means forbidden by law. I believe that the Committee has proposed the Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law. Based on its interactions with the Debtor during this confirmation process and throughout this Chapter 11 Case, I believe the Committee has acted in good faith and with an honest purpose in proposing and pursuing the Combined Disclosure Statement and Plan to bring this Chapter 11 Case to a value-maximizing conclusion, provide meaningful recoveries to creditors, and make distributions as quickly as possible under the circumstances. Good faith is further evidenced by the overwhelming acceptance of the Combined Disclosure Statement and Plan by the voting creditors other than by the Debtor's insiders.

9

26.     Based upon my discussions with the Debtor's advisors, I believe that the Combined Disclosure Statement and Plan is fundamentally fair to all stakeholders and has been proposed with the legitimate purpose of preserving maximum value for distribution to the Debtor's creditors as expeditiously as possible.   Moreover, the Combined Disclosure Statement and Plan is the product of arm's-length negotiations among the Committee, the Debtor, Wells Fargo, FFSL, the EPA, Forgen, Tooele County, and certain other key stakeholders.

**III.     CONCLUSION**

27.     In conclusion, as Independent Manager of the Debtor, and having been involved in virtually every aspect of this Chapter 11 Case and based on my understanding of the Combined Disclosure Statement and Plan and the requirements for confirmation under the Bankruptcy Code, I believe that final approval and confirmation of the Combined Disclosure Statement and Plan is appropriate, is in the best interests of all parties-in-interest, and should be approved by the Bankruptcy Court.

54861792.4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on June 11, 2026                    */s/ Shaun Martin*
                                             Shaun Martin
                                             Independent Manager
                                             US Magnesium LLC

11

54861792.4