## EXHIBIT 1

**Objections Summary Chart**

| Objecting Party Docket No.[1] | Basis for Objection | Status[2] | Proposed Resolution or Response |
|---|---|---|---|
| Renco<br><br>[Docket No. 941] | **Confirmation Issues:**<br>The classification of Renco's claims under the Combined Disclosure Statement and Plan impermissibly classifies unsecured claims outside of Class 7 (General Unsecured Claims) for purposes of gerrymandering Renco's vote. Renco Obj. ¶¶ 6–16. | Open | **Confirmation Issues:**<br>The Combined Disclosure Statement and Plan's classification structure rests on valid legal and business reasons, therefore, the Plan Proponent did not gerrymander Renco's purported claims. Confirmation Brief ¶¶ 55-62; Reply ¶¶40-54. |
| | The Combined Disclosure Statement and Plan's compliance with § 1129(a)(10) must be evaluated only after Renco's unsecured claims are reclassified as Class 7 General Unsecured Claims, in which case the Combined Disclosure Statement and Plan would not have an impaired accepting class as required for confirmation under § 1129(a)(10). Renco Obj. ¶¶ 17-19. | Open | Class 7 is an impaired class that voted overwhelmingly in favor of the Combined Disclosure Statement and Plan, with 94.55% of voting claimants representing nearly 100% by dollar amount accepting the Combined Disclosure Statement and Plan. *See* Voting Report ¶ 12; Reply ¶¶ 41-44. The classification of Class 7 is valid and proper, thus meeting the requirements for § 1129(a)(10). Renco's claims were properly classified in Classes 4, 5, and 6 and do not alter the designation of Class 7 as an impaired accepting class. Reply ¶¶ 45-54. |
| | The Plan Proponent's gerrymandered classification of Renco's purported unsecured claims shows that the Combined Disclosure Statement and Plan was not proposed in good faith. Renco Obj. ¶ 20-22 | Open | The Plan Proponent did not unlawfully gerrymander Renco's claims because the claims were not separated to manufacture an impaired accepting class, but rather were classified based on distinct characteristics. Accordingly, the Combined Disclosure Statement and Plan was proposed in good faith. |
| | The "best interest of creditors" test is not satisfied because the Liquidation Analysis is based on flawed assumptions regarding asset liquidation values and professional costs, and fails to demonstrate that unsecured creditors will recover *more* under the Plan than they would in a hypothetical chapter 7 liquidation. Renco Obj. ¶¶ 23-29 | Open | The "best interest of creditors" test is satisfied. The Liquidation Analysis provides for a greater recovery through a chapter 11 liquidation process and reduced fees for administrative expenses and professionals. *See* Rosen Decl. ¶¶ 59-71; Liquidation Analysis; Reply ¶¶ 55-66. |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Brief, or the Combined Disclosure Statement and Plan, as applicable.

[2] For objections where a resolution is expected, the Plan Proponent reserves all rights to respond to these objections at the Combined Hearing if the Plan Proponent and the objecting party are not ultimately able to reach a resolution on agreed language.

54897255.1

| | | | |
|---|---|---|---|
| | **Non-Confirmation Issues**: The Liquidating Trust should make distributions on Class 4 and Class 5 Claims without regard to the applicable Intercreditor Agreements. Renco Obj. ¶¶ 30-32. | Open | **Non-Confirmation Issues**: The Combined Disclosure Statement and Plan follows the Debtor's prepetition priority scheme. Renco is not permitted to tell the Plan Proponent the method of making distributions under the Combined Disclosure Statement and Plan. Reply ¶¶ 80-82. |
| | Renco should have a seat on the Liquidating Trust Oversight Committee Renco Obj. ¶¶ 33-34. | Open | Renco should not be given a seat on the Liquidating Trust Oversight Committee because it may attempt to exert an inappropriate influence over the administration of the Liquidating Trust in ways that, tangentially or directly, serve its own interests over the interests of other unsecured claimants. Reply ¶¶ 83-85. In any event, this is not a basis to deny confirmation. 11 U.S.C. § 1123(b). |
| | The Bankruptcy Court should mandate that the Pension Plan be assigned to Renco, because it wishes to assume it. Renco Obj. ¶¶ 35-37. | Open | The Pension Plan is an estate asset, and the Plan Proponent is permitted to determine whether assuming or permitting Renco to assume the Pension Plan is in the best interest of the Estate. Reply ¶ 86. |
| Wells Fargo [Docket No. 940] | **Confirmation Issue:** Wells Fargo objects to the classification of the Term Loan C Claim in Class 3 with the Revolver Claim. Wells Fargo Obj. ¶¶ 16–22. | Open | **Confirmation Issue:** Wells Fargo's assertion that the Term Loan C Claim is unsecured or undersecured is without evidentiary basis. The Combined Disclosure Statement and Plan properly classifies the Term Loan C Claim as a Senior Secured Claim. The Term Loan C Claim and the Revolver Claim arise under the same credit agreement and are supported by the same collateral. Reply ¶¶ 30-39.  Even if the Term Loan C Claim were reclassified, it would not be properly classified in Class 7. Reply ¶¶ 30-31. |
| | **Non-Confirmation Issues**: Wells Fargo requests a release. Wells Fargo Obj. ¶ 23(a) | Open | **Non-Confirmation Issues**: Wells Fargo is not entitled to a release. Reply ¶ 68. |
| | Wells Fargo requests to retain custody of the Debtor's books and records. Wells Fargo Obj. ¶ 23(b). | Open | The Plan Proponent is entitled to determine custody of the Debtor's books and records in its business judgment. Wells Fargo's lien on the books and records does not entitle Wells Fargo to possession and control of them. Reply ¶¶ 69-72. |
| | Wells Fargo requests that the fees and expenses of the Wind-Down Officer—the managing member of the Post-Effective Date Debtor—be paid by the Liquidating Trust. Wells Fargo Obj. ¶ 23(c). | Resolved | Resolved. Reply ¶¶ 73-75. |

2

| | | | |
|---|---|---|---|
| | Wells Fargo objects to inclusion of the Debtor's membership interests in Skull Valley in the Liquidating Trust Assets because Wells Fargo has a lien on those interests; thus, Wells Fargo should control those interests. Wells Fargo argues that the Committee's challenge to its lien on the Skull Valley interests was not properly granted by the Standing Motion. Wells Fargo Obj. ¶ 23(d). | Open | The Debtor's interests in Skull Valley are an Estate Asset and, therefore, properly included in the Liquidating Trust Assets. The Committee has properly challenged the validity of Wells Fargo's lien on the Skull Valley Interests. The Challenge Deadline established by the Interim DIP Orders is inapplicable to that challenge. Wells Fargo's lien, even if valid, does not give it rights to control the Debtor's interests in Skull Valley. Reply ¶¶ 76-79. |
| Forgen, LLC<br><br>[Docket No. 816] | Forgen objected to the extent the Combined Disclosure Statement and Plan seeks to impair or expunge its purported construction lien on the Subject Property or deduct the cost of liquidation of its collateral from the proceeds thereof. ¶¶14-16. | Resolved | The Plan Proponent and Forgen agreed to the inclusion of certain language in the proposed Confirmation Order which would resolve Forgen's objection. |
| ATI Titanium LLC ("ATI")<br><br>[Docket No. 925] | ATI objects to the extent the vesting of the Skull Valley interests in the Liquidating Trust "free and clear of all Claims, Interests, Liens, charges, or other encumbrances" constitutes a release or modification of restrictions on transferring membership interests without ATI's consent under the Skull Valley operating agreement. ¶¶ 5-6. | Open | The Plan Proponent and ATI are in discussions regarding the inclusion of certain language in the proposed Confirmation Order to resolve ATI's objection.<br><br>To the extent that the Plan Proponent does not resolve this objection prior to filing, the Plan Proponent submits the vesting of the Debtor's interests in Skull Valley in the Liquidating Trust, as Estate Assets, on a "free and clear" basis is appropriate pursuant to section 1141(c) of the Bankruptcy Code, and the Combined Disclosure Statement and Plan does not purport to alter the terms of the Skull Valley operating agreement. |
| The PI Claimants<br><br>[Docket No. 936] | The PI Claimants would like to be able to pursue their claims outside of the Bankruptcy Court. ¶¶ 12-15. | Open | The Plan Proponent and the PI Claimants have not reached an agreement on the resolution of this Objection at this time.<br><br>The Combined Disclosure Statement and Plan provides for fair and equitable treatment of the PI Claimants' Claims and rights with respect to the Estate. The PI Claimants' objection does not prevent confirmation of the Combined Disclosure Statement and Plan.<br><br>The proposed injunction provision of the Combined Disclosure Statement and Plan is reasonable and appropriate because it prevents litigation outside of the Chapter 11 Case that could undermine the orderly and equitable liquidation of Estate Assets. |

| | | | The Combined Disclosure Statement and Plan does not limit rights of the PI Claimants to seek relief from the automatic stay and injunction to prosecute their litigation Claims outside of the Chapter 11 Case, if granted. |
|---|---|---|---|
| EPA and DOI[3] Reservation of Rights [Docket No. 939] | United States preserves its setoff and recoupment rights with respect to the Special Accounts. ¶¶ 14-18. | Resolved | Such rights are reserved. |
| | United States requested certain modifications to Combined Disclosure Statement and Plan and Confirmation Order. ¶¶ 14-18. | Open | The Plan Proponent believes that it and the United States will agree to such language prior to the Combined Hearing. |

[3] Joined by the Utah Department of Environmental Quality [Docket No. 944] and resolved similarly.