**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| US MAGNESIUM LLC,[1] | **Case No. 25-11696 (BLS)** |
| Debtor. | **Re Docket No.: 860, 874, 908** |

**NOTICE OF FILING OF FIRST AMENDED PLAN SUPPLEMENT**

PLEASE TAKE NOTICE that, on May 6, 2026, the Official Committee of Unsecured Creditors in the above-captioned case (the "Committee" or the "Plan Proponent") filed the *Official Committee of Unsecured Creditor's Modified Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 860]   (as may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan")[2] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that, on May 8, 2026, the Court entered the *Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Disclosures in, and Confirmation of, the Combined Disclosure Statement and Plan; (VI) Approving the Forms of Notice, and (VII) Granting Related Relief* [Docket No. 874] (the "Solicitation Procedures Order").

PLEASE TAKE FURTHER NOTICE that on May 27, 2026, the Committee filed the *Notice of Filing of Plan Supplement* [Docket No. 908] (the "Initial Plan Supplement"), which contained certain Initial Plan Supplement documents, as detailed therein.

---

[1] The last four digits of the Debtor's federal tax identification number are 5446. The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116

[2] Capitalized terms not otherwise defined in this First Amended Plan Supplement, including any Exhibit to this First Amended Plan Supplement, shall have the same meanings set forth in the Combined Disclosure Statement and Plan.

1

**PLEASE TAKE FURTHER NOTICE** that the Committee hereby files this *Notice of Filing of First Amended Plan Supplement* (this "First Amended Plan Supplement," together with the Initial Plan Supplement and all documents attached thereto, and all documents attached herein, and as may be amended from time to time, the "Plan Supplement Documents"), which includes the following documents (and redlines showing changes, if applicable), as may be modified, amended, or supplemented from time to time by the Committee in accordance with the Combined Disclosure Statement and Plan:

| Exhibit | First Amended Plan Supplement Documents |
| --- | --- |
| B | Identity of Liquidating Trustee and Liquidating Trust Oversight Committee |
| B-1 | Comparison of Identity of Liquidating Trustee and Liquidating Trust Oversight Committee to the Version Filed with the Initial Plan Supplement |
| B-2 | Form of Liquidating Trustee Engagement Letter |
| C | Identity of Wind-Down Officer |
| C-1 | Comparison of Identity of Wind-Down Officer to the Version Filed with the Initial Plan Supplement |
| F | Identity of the Retained Insiders Post-Effective Date President and Chief Financial Officer |

**Notwithstanding the foregoing, pursuant to the Combined Disclosure Statement and Plan, the Plan Proponent has the right to amend the documents contained in, and exhibits to, the Plan Supplement Documents pursuant to the terms of the Combined Disclosure Statement and Plan.**

**PLEASE TAKE FURTHER NOTICE** that the Liquidating Trust Agreement and the other documents contained in the Plan Supplement Documents are integral to and considered part of the Combined Disclosure Statement and Plan. If the Combined Disclosure Statement and Plan is confirmed, the Liquidating Trust Agreement and the other documents contained in the Plan Supplement Documents will be approved by the Bankruptcy Court pursuant to any order confirming the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan Proponent reserves the right, subject to the terms and conditions set forth in the Combined Disclosure Statement and Plan, to alter, modify, amend, remove, augment, or supplement the Plan Supplement Documents; *provided* that if the Plan Supplement Documents are altered, amended, modified, or supplemented in any material respect prior to the Combined Hearing, the Plan Proponent will file a blackline of the Plan Supplement Documents with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Plan Proponent reserves the right, subject to the terms and conditions set forth in the Combined Disclosure Statement and Plan, to add additional documents to the Plan Supplement Documents.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Combined Hearing") to consider, on a final basis, the adequacy of the information in, and confirmation of, the Combined Disclosure Statement and Plan will be held before The Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom No. 1, 824 North Market Street, Wilmington, Delaware 19801, on **June 16, 2026 at 10:00 a.m.** (**prevailing Eastern Time**). The Combined Hearing may be continued from time to time without further notice other than the announcement by the Bankruptcy Court of the adjourned date at the Combined Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court on the docket in this Chapter 11 Case.

**PLEASE TAKE FURTHER NOTICE** that the Combined Disclosure Statement and Plan, the Solicitation Procedures Order, the Plan Supplement Documents, and other related documents are available for inspection during regular business hours, excluding federal holidays, at the office of the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801. In addition, copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures Order and Plan Supplement Documents may be obtained: (i) by visiting the Debtor's chapter 11 case website https://cases.stretto.com/usmagnesium/ (ii) upon written request via first class mail to the Claims Agent, Stretto, Inc., at U.S. Magnesium c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) by contacting the Voting Agent via telephone at 1 (833) 836-1881 (Domestic) or (949) 617-1778 (International); or (iv) for a fee, from the Bankruptcy Court's website, www.deb.uscourts.gov (PACER account is required). A PACER login and password can be obtained through the PACER Service Center at https://www.pacer.gov.

[*Remainder of page intentionally left blank*]

Dated: June 12, 2026
    Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*

Justin R. Alberto (No. 5126)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jalberto@coleschotz.com
      mfitzpatrick@coleschotz.com

- and -

**EVERSHEDS SUTHERLAND (US) LLP**

Todd C. Meyers (admitted *pro hac vice*)
Danielle Barav-Johnson (admitted *pro hac vice*)
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
Email: toddmeyers@eversheds-sutherland.com
      dahnibarav-johnson@eversheds-sutherland.com

-and-

Todd C. Meyers (admitted *pro hac vice*)
John J. Ramirez (admitted *pro hac vice*)
Sameer M. Alifarag (admitted *pro hac vice*)
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (212) 389-5000
Email: toddmeyers@eversheds-sutherland.com
      johnramirez@eversheds-sutherland.com
      sameeralifarag@eversheds-sutherland.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

4

## EXHIBIT B

### Identity of Liquidating Trustee and Liquidating Trust Oversight Committee

| Liquidating Trustee |
| --- |
| MS Restructuring Advisory Services LLC |

| Liquidating Trust Oversight Committee |
| --- |
| Kaiser Aluminum Corporation |
| Trinity Industries Leasing Company |
| Odin Environmental Solutions LLC |
| Sisecam Chemicals Resources LLC |

## EXHIBIT B-1

### Comparison of Identity of Liquidating Trustee and
### Liquidating Trust Oversight Committee to the Version Filed with the Initial Plan Supplement

| Liquidating Trustee |
| --- |
| MS Restructuring Advisory Services LLC |

| Liquidating Trust Oversight Committee |
| --- |
| Kaiser Aluminum Corporation |
| Trinity Industries Leasing Company |
| Odin Environmental Solutions LLC |
| Sisecam Chemicals Resources LLC |
| To be Determined |

**Exhibit B-2**

**Form of Liquidating Trustee Engagement Letter**

June ●, 2026

US Magnesium LLC:
238 N 2200 W
Salt Lake City, UT 84116
Attn: Ron Mayo
Email: [●]

With a copy to:

Gellert Seitz Busenkell & Brown, LLC
Attn: Michael Busenkell, Margaret M. Manning, Michael Van Gorder
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Email: mbusenkell@gsbblaw.com; mmanning@gsbblaw.com; mvangorder@gsbblaw.com

 -and-

The Official Committee of Unsecured Creditors:

Kaiser Aluminum Corporation
Attn: John Donnan
1550 West McEwen Drive, Suite 500
Franklin, TN 37067
Email: jdonnan@kaiseraluminum.com

With a copy to:

Eversheds Sutherland (US) LLP
Attn: Todd C. Meyers, Danielle Barav-Johnson
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
Email: toddmeyers@eversheds-sutherland.com;
dahnibarav-johnson@eversheds-sutherland.com; johnramirez@eversheds-sutherland.com;
sameeralifarag@eversheds-sutherland.com

**Re: MS Restructuring Advisory Services LLC's Engagement as Liquidating Trustee to the US Magnesium Liquidating Trust**

Dear Mr. Mayo and Mr. Donnan:

      This letter agreement (this "Agreement"), entered into as of [DATE] (the "Effective Date"), confirms the terms of the agreement between MS Restructuring Advisory Services LLC ("MS Restructuring"), US Magnesium, LLC (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtor's chapter 11 case, pursuant to which MS Restructuring will provide services as set forth below.

54723042.8

1.      Scope of Engagement: On the terms and subject to the conditions of this Agreement, MS Restructuring will serve as the Liquidating Trustee (the "Trustee") of the US Magnesium Liquidating Trust (the "Trust") and perform all duties and responsibilities of the Trustee (the "Services") pursuant to the *Liquidating Trust Agreement* dated as of the effective date of the Plan (attached hereto as Exhibit A, the "Liquidating Trust Agreement") and the *Official Committee of Unsecured Creditor's Modified Amended Combined Disclosure Statement and Plan of Liquidation of US Magnesium LLC* filed in this matter (as may be amended or supplemented from time to time, the "Plan").

2.      Fees and Expenses: The Trust will compensate MS Restructuring as follows:

(a) Monthly Fixed Fee: A fixed fee of $15,000 per month (the "Monthly Fixed Fee") until the termination of the responsibilities of MS Restructuring as the Trustee; *provided* that solely for the first month following the Effective Date, the fixed fee shall be increased to $25,000. The initial Monthly Fixed Fee shall be earned and payable immediately upon execution of the Liquidating Trust Agreement. Additional Monthly Fixed Fees will be earned and payable at the start of each subsequent monthly period.

(b) Success Fee: A success fee equal to (i) 2.0% of the first $10,000,000 of Eligible Proceeds (as defined below), and (ii) 1.0% of all Eligible Proceeds in excess of $10,000,000 (collectively, the "Success Fee"); *provided, however*, that MS Restructuring shall not be entitled to a Success Fee with respect to any amounts that do not constitute Eligible Proceeds.[1] The Monthly Fixed Fee and the Success Fee are referred to herein collectively as the "Fee" or "Fees."

(c) Expenses Reimbursement: MS Restructuring shall be entitled to reimbursement of reasonable and documented out-of-pocket and direct expenses incurred in connection with the Services to be provided under this Agreement (collectively, "Expenses").

---

[1] For purposes of this Agreement, "Eligible Proceeds" means any Liquidating Trust Assets actually converted to Cash by the Liquidating Trustee after the Effective Date, for the benefit of Liquidating Trust Beneficiaries, including on account of (i) the prosecution, litigation, settlement, or compromise of any Causes of Action (including, without limitation, the Committee Challenge, Avoidance Actions, the Ace Claims, and any other Estate-Retained Causes of Action), (ii) the sale or other disposition of Liquidating Trust Assets, including, without limitation, the Salt Lake City Property, Skull Valley, and any Prepetition Collateral remaining after satisfaction in full of Allowed Senior Secured Claims and Allowed Subordinated Secured Claims, and (iii) any other amounts recovered or realized by the Liquidating Trust from the monetization of Liquidating Trust Assets after the Effective Date.

Notwithstanding the foregoing, "Eligible Proceeds" shall not include (i) any Cash held by the Debtor as of the Effective Date, including any amounts held in the EPA Escrow pursuant to paragraph 42 of the FFSL Sale Order or amounts held in the Professional Fee Reserve, (ii) any Liquidating Trust Assets distributed to Holders of Allowed Senior Secured Claims or Subordinated Secured Claims, or (iii) any other Cash received by the Liquidating Trust after the Effective Date that is not attributable to affirmative post-Effective Date recovery efforts of the Liquidating Trustee.

54723042.8

(d) Reasonableness of Fees: MS Restructuring's experience and expertise will inure to the benefit of the Liquidating Trust Beneficiaries, accordingly, the structure and amount of the Fees to be paid to MS Restructuring hereunder are reasonable. A substantial professional commitment of time and effort will be required of MS Restructuring, and such commitment may foreclose other opportunities for MS Restructuring. Given the numerous issues that may arise in engagements such as this, MS Restructuring's commitment to the variable level of time and effort necessary to address such issues, the expertise and capabilities of MS Restructuring that will be required in this engagement, and the market rate for MS Restructuring's services of this nature, whether in-court or out-of-court, the parties agree that the fee arrangement provided for herein is reasonable, fairly compensates MS Restructuring, and provides the requisite certainty to the parties hereto.

3.      Payment Obligations and Billing: The Trust shall pay all Fees and Expenses pursuant to the procedures set forth in the Liquidating Trust Agreement. Payment of the Fees and Expenses shall be made via wire transfer to the following account:

| **Receiving Bank:** | [●] |
| --- | --- |
| ABA Number: | [●] |
| Account Number: | [●] |
| Account Name: | MS Restructuring Advisory Services LLC |

4.      Term of Agreement: This engagement shall terminate upon (i) the termination of the Trust, or (ii) the Trustee's resignation, death, or removal in accordance with the Liquidating Trust Agreement. Any termination of this Agreement shall not affect any provisions that survive the termination hereof, including, (i) the indemnification, reimbursement, contribution and other obligations set forth in the Liquidating Trust Agreement, and (ii) MS Restructuring's right to receive payment of Fees, including the Success Fee and Expenses incurred by MS Restructuring through the date of termination, and the Trust shall immediately pay or cause to be paid all such Fees and Expenses due and owing. Notwithstanding the foregoing, MS Restructuring may terminate this Agreement immediately if proceeding with this Agreement violates applicable law or regulation.

5.      Indemnification and Exculpation: Sections 4.1 and 4.2 of the Liquidating Trust Agreement and Section 16.4 of the Plan are incorporated by reference herein in their entirety.

6.      Nature of Services; Use of Advice:

(a) MS Restructuring shall act as an independent contractor under this Agreement and not in any other capacity including as a fiduciary. Any obligations arising out of its engagement shall be owed solely to the Trust. Any advice rendered pursuant

54723042.8

to this Agreement is intended solely for the use of the Trust in considering the matters to which this Agreement relates, and such advice may not be relied upon by any other person or used for any other purpose. As an independent contractor, MS Restructuring will have complete and exclusive charge of the management and operations of its business, including hiring and paying the wages and other compensation of all its employees and agents, and paying all bills, expenses and other charges incurred or payable with respect to the operations of its business. MS Restructuring will be responsible for all withholding, income and other taxes incurred in connection with the operation and conduct of its business. Nothing in this Agreement is intended to create, nor shall be deemed or construed to create a fiduciary or agency relationship between MS Restructuring and the Trust or the Liquidating Trust Oversight Committee.

(b) MS Restructuring is not providing legal advice to the Trust and MS Restructuring shall hire such professionals, including legal counsel, as necessary to advise the Trust.

(c) Any advice rendered by or other materials prepared by, or any communication from, MS Restructuring (in each case, the "MS Restructuring Advice") may not be disclosed, or used, in whole or in part, to or by, any third party, or summarized, quoted from, or otherwise referred to in any manner, without the prior written consent of MS Restructuring. MS Restructuring Advice may only be used by the Trust for the purposes set forth in this Agreement.

(d) At the direction of legal counsel, certain communications, correspondence, and reports and analyses prepared by MS Restructuring, in connection with this Agreement and the matters contemplated hereby, will be considered in preparation for litigation, and accordingly, will be subject to the attorney-client privilege and work-product privilege between MS Restructuring and the Trust.

7.      Conflicts: MS Restructuring is involved in a wide range of other activities from which conflicting interests, or duties, may arise. MS Restructuring has undertaken an inquiry of its records in accordance with its standard business practices based on the parties identified to it and has determined that it may proceed. Due to the diversity of MS Restructuring's advisory services, MS Restructuring cannot be certain all relationships have or will come to light. Should an actual conflict come to the attention of MS Restructuring during the course of this engagement, MS Restructuring will notify the Liquidating Trust Oversight Committee immediately and take appropriate action, as necessary. MS Restructuring has been informed of the parties-in-interest to this matter, and MS Restructuring will be informed of any additions to, or name changes for, those parties-in-interest. MS Restructuring is not restricted from working on other engagements involving the parties in this matter; however, MS Restructuring shall not represent other parties in connection with this matter.

8.      Insurance: The Trust may maintain a professional liability insurance policy (the "Policy") to cover MS Restructuring in an amount reasonably acceptable to MS Restructuring.

9. Authority; Due Authorization; Enforceability: By signing this Agreement, the Debtor and the Committee have duly approved the retention of MS Restructuring, as Trustee, and the terms of this Agreement. Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement and to perform its obligations hereunder. Each party hereto further represents and warrants that this Agreement has been duly and validly authorized by all necessary corporate action and has been duly executed and delivered by each such party and constitutes the legal, valid and binding agreement of each such party, enforceable in accordance with its terms.

10. Third Party Beneficiary: The Liquidating Trust Oversight Committee (as defined in the Plan) is hereby expressly made a third-party beneficiary of this Agreement as if it were a signatory to this Agreement and has standing to bring an action to enforce the provisions herein. The Liquidating Trust Oversight Committee shall be entitled to seek enforcement from the Bankruptcy Court for any violations of provisions herein.

11. Limitations of Engagement: MS Restructuring is being retained solely to assist the Trust as described in this Agreement and the Liquidating Trust Agreement. The Trust will be solely responsible for implementing any advice or recommendations and for ensuring that any such implementation complies with applicable law.

12. Limitations on Actions: No action, regardless of form, relating to this engagement or the Services provided hereunder or this Agreement, may be brought by either party more than one (1) year after the cause of action has accrued.

13. Assignment: This Agreement may not be assigned by any party hereto without the prior written consent of the other parties. Any attempted assignment of this Agreement made without such consent shall be void and of no effect, at the option of the non-assigning parties.

14. Headings: Headings used herein are for convenience of reference only and shall not affect the interpretation or construction of this Agreement.

15. Entire Agreement; Amendments: This Agreement represents the entire agreement between the parties, supersedes all previous agreements relating to the subject matter hereof (should they exist) and may not be modified or amended except in writing signed by all of the parties hereto.

16. Counterparts: This Agreement may be executed in counterparts (and by facsimile or other electronic means), each of which shall constitute an original and all of which together will be deemed to be one and the same document.

17. Severability: The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

18. Governing Law; Jury Trial Waiver; Jurisdiction: THIS AGREEMENT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF DELAWARE APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED ENTIRELY IN SUCH STATE. MS RESTRUCTURING AND THE DEBTOR

54723042.8

AND THE COMMITTEE KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF OR IN CONNECTION WITH THE ENGAGEMENT OF MS RESTRUCTURING PURSUANT TO, OR THE PERFORMANCE BY MS RESTRUCTURING OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN ANY FEDERAL COURTS SITTING IN THE DISTRICT OF DELAWARE, WHICH COURTS SHALL HAVE EXCLUSIVE JURISDICTION OVER THE ADJUDICATION OF SUCH MATTERS. BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY HERETO FURTHER IRREVOCABLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND HEREBY WAIVES IN ALL RESPECTS ANY CLAIM OR OBJECTION THAT IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON-CONVENIENS. EACH PARTY HERETO AGREES THAT A FINAL NON-APPEALABLE JUDGMENT IN ANY SUCH ACTION BROUGHT IN ANY SUCH COURT SHALL BE CONCLUSIVE AND BINDING UPON IT AND MAY BE ENFORCED IN ANY OTHER COURT(S) HAVING JURISDICTION OVER IT BY SUIT UPON SUCH JUDGMENT. EACH PARTY HERETO IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN ALL SUCH DISPUTES BY THE MAILING OF COPIES OF SUCH PROCESS TO THE NOTICE ADDRESS FOR EACH SUCH PERSON AS SET FORTH IN THIS AGREEMENT. EACH OF THE PARTIES HERETO HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF ANY OTHER PARTY HERETO HAS REPRESENTED EXPRESSLY OR OTHERWISE THAT SUCH PARTY WOULD NOT SEEK TO ENFORCE THE PROVISIONS OF THIS WAIVER. EACH OF THE PARTIES HERETO HEREBY ACKNOWLEDGES THAT IT HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY AND IN RELIANCE UPON, AMONG OTHER THINGS, THE PROVISIONS OF THIS SECTION.

19.   Survival: Upon any termination of this Agreement, Sections 2 through 5 and 8 through 20 hereto shall survive such termination and shall remain in effect.

20.   Notices: Notice given pursuant to any of the provisions of this Agreement shall be in writing and shall be mailed or delivered (including via email so long as the recipient acknowledges receipt) at the address set forth in the signature blocks of each such person below.

If the foregoing correctly sets forth our understanding, please indicate your acceptance thereof in the space provided below, whereupon this Agreement and your acceptance shall constitute a binding agreement between us. If you have any questions, please call me at 646.641.0116. We look forward to working with you on this important matter.

*MS Restructuring Advisory Services LLC*

54723042.8

By: _____

Name: Mark R. Somerstein
Title: President and Principal

[Signature page follows]

54723042.8

Accepted and agreed to as of the Effective Date:

**US Magnesium, LLC**

By: _____

Name: [●]
Title: [●]
Address: [●]

[Signature page to Engagement Agreement]

54723042.8

**The Official Committee of Unsecured Creditors of US Magnesium, LLC**

By: _____

Name: John Donnan
Title: Chairperson of the Official Committee of Unsecured Creditors
Address:      Attn: John Donnan
              1550 West McEwen Drive, Suite 500
              Franklin, TN 37067
              Email: jdonnan@kaiseraluminum.com

54723042.8

**Exhibit A**

54723042.8

## EXHIBIT C

### Identity of Wind-Down Officer

| Wind-Down Officer |
|---|
| META Advisors LLC |

**Exhibit C-1**

**Comparison of Identity of Wind Down Officer
to the Version Filed with the Initial Plan Supplement**

**Identity of Wind-Down Officer**

| Wind-Down Officer |
|:-:|
| ~~To be Determined~~ |
| META Advisors LLC |

**Exhibit E**

**Identity of Retained Insiders**
**Post-Effective Date President and Chief Financial Officer**

In accordance with Section 14.11 of the Combined Disclosure Statement and Plan, and consistent with the requirements of section 1129(a)(5) of the Bankruptcy Code, the Plan Proponent hereby discloses the identity and affiliations of, and relevant disclosures with respect to, the identity of any insiders, including their current titles, that will be employed or retained by the Post-Effective Date Debtor. Although the following insiders will be employed by the Post-Effective Date Debtor, they will be neither directors nor officers of the Post-Effective Date Debtor.

**I.      President**

Name: Ron Thayer

**II.      Chief Financial Officer**

Name: Paula Chu

1