**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| US MAGNESIUM LLC,[1] | Case No. 25-11696 (BLS) |
| Debtor. | **Re:  Docket No. 1028** |

**CROSS NOTICE OF DEPOSITION OF BEN STIREMAN**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30, applicable here under Fed. R. Bankr. P. 7030 and 9014, counsel for The Renco Group, Inc. hereby cross-notices the deposition of Ben Stireman in all capacities in which he appears. In accordance with Notice of Deposition of Ben Stireman (attached hereto as **Exhibit A**), the deposition will commence on July 9, 2026, at 3:15 p.m. (Eastern Time) by remote video conference.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall be taken upon oral examination before an officer authorized by law to administer oaths, and may be taken by remote video conference, and may be recorded by videographer and/or by stenographic means. The deposition will be taken for purposes of discovery, preservation of testimony, for use at trial, and any other purposes permitted by the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or other applicable law.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding participation in the deposition(s) via videoconference will be provided upon request, and in the event the deposition proceeds by video conference:

---

[1] The last four digits of the Debtor's federal tax identification number are 5446.  The Debtor's address is 238 N 2200 W, Salt Lake City, Utah 84116

(1) The deposition may be conducted remotely, using audio-visual conference technology;

(2) The court reporter may report the deposition from a location separate from the witness and will remotely administer the oath to the witness;

(3) Counsel for the parties and their clients may participate from separate locations;

(4) The witness may be required to provide government-issued identification, which must be legible on camera;

(5) Each attorney may be visible to all other participants, and their statements will be audible to all participants;

(6) All exhibits will be provided simultaneously and electronically to the witness and all participants;

(7) The court reporter will record the testimony;

(8) The deposition may be recorded electronically and visually; and

(9) Counsel for all parties may be required to stipulate on the record:

    a.   their consent to this manner of deposition; and

    b.   their waiver of any objection to this manner of taking the deposition, including any objection the admissibility at trial of this testimony based on this manner of remote deposition taking.

Additional information regarding participation in the deposition via videoconference will be provided upon request.

2

58202109.1

Dated:  July 6, 2026

**SAUL EWING LLP**

By:  */s/ Mark Minuti*
      Mark Minuti (DE No. 2659)
      Paige N. Topper (DE No. 6470)
      1201 North Market Street, Suite 2300
      P.O. Box 1266
      Wilmington, DE 19899
      Telephone:  (302) 421-6840
      Email:  mark.minuti@saul.com
             paige.topper@saul.com

      and

      Mark E. Freedlander
      Frank J. Guadagnino
      **MCGUIREWOODS LLP**
      Tower Two Sixty
      260 Forbes Avenue, Suite 1800
      Pittsburgh, PA 15222
      Telephone:  (412) 667-6000
      Email:  mfreedlander@mcgurewoods.com
             fguadagnino@mcguirewoods.com

      and

      Joseph A. Florczak
      **MCGUIREWOODS LLP**
      77 West Wacker Drive, Suite 4100
      Chicago, IL 60601-1818
      Telephone:  (312) 849-8100
      Email: jflorczak@mcguirewoods.com

      *Counsel for The Renco Group, Inc.*

3

58202109.1